**In the Matter of OAK CREEK FLORISTS, aka Rita B. Eckert, Partner, Debtor.**

**Johena HERDMAN, Darrel Herdman, Plaintiffs,**

v.

**OAK CREEK FLORISTS and Rita B. Eckert and Jerry A. Eckert United States of America, c/o U.S. Attorney United States of America, c/o Attorney General State of Ohio, Department of Taxation Ohio Bureau of Worker's Compensation Ohio Bureau of Employment Services Bruce A. Buren Townsend Foster, Jr., Defendants.**

Bankruptcy No. 3–86–03119.
Adv. No. 3–87–0260.

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 24, 1988.

As Corrected July 15, 1988.

Bruce A. Buren, Thomas R. Noland, Dayton, Ohio, for defendants.

Robert J. Eilerman, Gary C. Schaengold, Dayton, Ohio, for plaintiffs.

R.L. Cousineau, Trial Atty., Donald F. Harker, III, Dayton, Ohio, for Rita B. Eckert.

Susan M. Poswistilo, Trial Atty., U.S. Dept. of Justice, Washington D.C.

Randal Berning, Asst. Atty. Gen., Columbus, Ohio.

## DECISION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REQUIRING FILING OR PROVIDING FOR DISMISSAL OF ADVERSARY PROCEEDING

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order Of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K)—proceedings to determine the validity, extent, or priority of liens. *Matter of Commercial Heat Treating of Dayton, Inc.*, 80 B.R. 880, 888 (Bankr.S.D. Ohio 1987). A brief review of the history of this case will be helpful in explaining the resolution of Motions For Summary Judgment filed by the defendant, Rita B. Eckert and the defendant, Bruce A. Buren, (Doc. 38 and 39) and Plaintiffs' Memorandum Contra Motions For Summary Judgment (Doc. 43).

### FACTS

On January 2, 1981, Faith Elizabeth Fitzgerald, Fitzgerald, who is not a named party in this adversary, but is the sister-in-law of the debtor/defendant, Rita B. Eckert, executed a promissory installment note and security agreement to the plaintiffs (Exhibits A and B of Doc. 1). The amount of the note was $24,000.00 at 9.75% interest and the documents executed by the parties provided for the plaintiffs to retain a security interest in the personal property to be used by Fitzgerald in her business.

A financing statement was filed January 2, 1981, with the Montgomery County Recorder's Office (Exhibit C of Doc. 1) and was thereafter continued on June 21, 1985, at the Montgomery County Recorder's Office (Exhibit D of Doc. 1).

On July 8, 1985, Fitzgerald conveyed all of the property which was the subject of the plaintiffs' security agreement to the defendants, Rita B. Eckert and Jerry A. Eckert, who thereafter used it in their business, Oak Creek Florist (Doc. 1). On August 11, 1986, Jerry and Rita Eckert doing business as Oak Creek Florist filed a Chapter 11 bankruptcy case, which was subsequently converted to a Chapter 7 bankruptcy case on August 18, 1987. During the pendency of the Chapter 11 case, from May 12 to May 16, 1987, the defendant, Rita B. Eckert, as debtor in possession, conducted a public sale of all the property in which the plaintiffs assert a security interest. The proceeds of the sale, approximately $13,500.00, were applied by the debtor/defendant to the payment of debts, primarily obligations due various tax authorities.

The evidence establishes that the Recorder's office in Montgomery County was the only location at which the plaintiffs recorded the financing statement and any subsequent continuance statement. There is no record at the Ohio Secretary of State's Office of any filing of a financing statement or any other documents concerning the property in which the plaintiffs assert a security interest. (Doc. 37)

The plaintiffs' complaint (Doc. 1) alleges that the plaintiffs are secured creditors who have a perfected security interest in the property originally sold to Fitzgerald, who thereafter conveyed the property to the debtors, Rita B. Eckert and her spouse, Jerry Eckert. The complaint further alleges that when the Eckerts, as debtors in possession, sold this property, the proceeds of the property remained subject to the plaintiffs' perfected security agreement. The complaint concludes that to the extent that any of the named defendants received any of the proceeds of the sale, these pro-

ceeds must be returned to the plaintiffs. (The complaint requests other relief that the court does not need to address.)

In addition to the answers filed by the various defendants (Docs. 10, 11, 12, 13, 14, 15, and 33), on March 24, 1988, defendant Rita B. Eckert filed a Motion For Summary Judgment pursuant to Bankr.R. 7056 (F.R. C.P. 56) seeking to have the complaint dismissed as to her (Doc. 38); and, on March 28, 1988, defendant Bruce A. Buren filed a Motion For Summary Judgment pursuant to Bankr.R. 7056 (F.R.C.P. 56) seeking to have the action dismissed as to him (Doc. 39). On April 4, 1988, the plaintiffs filed a Memorandum Contra Motions For Summary Judgment (Doc. 43).

### ARGUMENTS OF THE PARTIES

All parties recognize that, in this proceeding, the resolution of the issues raised in the plaintiffs' complaint and the defendants' Motions For Summary Judgment is partially dependent upon Ohio Revised Code § 1309.38 which mandates that the required locations for filing documents evidencing a security interest in a commercial transaction in order to **perfect** that security interest are the office of the county recorder where the debtor has a place of business **and the office of the Secretary of State.** ORC § 1309.38(A)(4).

The defendants' Motions For Summary Judgment assert that by failing to file in the Secretary of State's Office, the plaintiffs' security interest is not perfected in the property or its proceeds against a subsequent perfected lien creditor, which in this case, would be the debtors in possession as parties having the rights of a trustee.

The plaintiffs assert that ORC § 1309.38(A)(4) recognizes the effectiveness of a filing made in an improper location, **or in not all the required locations against any person who has knowledge of the contents of the financing statement.** The plaintiffs conclude that a material issue of fact exists as to whether or not the defendant-debtors had knowledge of the existence of the financing statement at the time that the sale took place.

### LAW

Assuming that an issue of fact exists as to whether or not the defendant-debtors had knowledge of the existence of the financing statement, such an issue of fact is not a "genuine issue of material fact" that would prevent granting the defendants' Motions For Summary Judgment.

As this court previously noted in connection with ruling on motions for summary judgment,

The cases interpreting the various provisions of Rule 56 have produced an evolving body of law that has continued to emphasize standards which require both a moving and a nonmoving party to give careful attention to the presentation and defense of a motion for summary judgment. The two recent decisions from the United States Supreme Court reflect the careful attention required by all parties involved in a motion for summary judgment.

In *Anderson,* the Court held that "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden," *Id.,* 477 U.S. at 254, 106 S.Ct. at 2513, *i.e.,* "whether a jury [fact finder] could reasonably find *either* that the plaintiff proved his case by the quality and quantity of evidence required by the law *or* that he did not." *Id.* (emphasis in original).

. In *Celotex,* the Court established the standard under which a trial court should rule on a motion for summary judgment:

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing suffi-

cient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a). . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

This statement from the Court resolved the question of whether the party who does not bear the ultimate burden of proof at the trial of an issue must, as the movant in a motion for summary judgment, through the presentation of specific evidence negate the nonmovant's case in order to establish that there is no "genuine issue of material fact," thereby entitling the movant to summary judgment. A moving party in a motion for summary judgment meets its burden by affirmatively demonstrating from the record that is before the court that there is no evidence to support an essential element of the nonmoving party's case. While the commonality in this aspect of Rule 56 and Rule 12(b)(6) was recognized in the text of Rule 12,[1] the ease of entry to the arena of litigation provided by notice pleading was never intended to be a substitute for properly researched, factually supported causes of action. It is a recognized function of Rule 56 to terminate litigation unable to sustain the weight of its own assertions. The Su-

preme Court's decision in *Celotex* does not place a burden on the nonmoving party that did not exist prior to the decision, nor does it increase that party's burden in connection with a response to the motion for summary judgment. *Matter of Warner*, 65 B.R. 512, 516–17 (Bankr.S.D.Ohio 1986)

The Bankruptcy Code provides in 11 U.S. C. § 544(a):

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and power of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists:

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

.        .        .        .        .

At the time the sale of the property was held, the debtors were operating as debtors in possession. Section 1107(a) of the Bankruptcy Code provides:

Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2),

---

1. If on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion

shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed.R.Civ.P. 12(b)

(3), and (4) of this title, of a trustee serving in a case under this chapter.

The plaintiffs' reliance on the exculpatory provisions of ORC 1309.38(A)(4) is misplaced. The plaintiffs, rather than having their claimed status as secured creditors, are, in fact, unsecured creditors in this proceeding and as such have no direct interest in the proceeds of the sale.

This conclusion is consistent with similar decisions in this district, *Matter of Reier*, 53 B.R. 395, 398–99 (Bankr.S.D.Ohio 1985) and other courts, *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1334–36 (7th Cir. 1986), *In re Matos*, 50 B.R. 742, 744–45 (D.C.1985) *appeal dismissed*, 790 F.2d 864 (11th Cir.1986).

## CONCLUSION

Since the debtors in possession are not charged with knowledge of the financing statement (§ 1107(a)), and since in the context of this proceeding, the plaintiffs' security interest is not perfected (§ 554(a)), the Defendants' Motions For Summary Judgments are GRANTED.

Finally, the court notes that the resolution of the Motions For Summary Judgment appears to indicate that plaintiffs' complaint no longer states a cause of action against any of the remaining defendants.

Accordingly, the court will enter an Order GRANTING the Defendant, Rita B. Eckert's Motion For Summary Judgment (Doc. 38) and the Defendant, Bruce A. Buren's Motion For Summary Judgment (Doc. 39). FURTHER, the court shall enter an order providing that unless the plaintiffs, not later than June 9, 1988, file a request to continue this proceeding accompanied by a memorandum setting forth the cause(s) of action they continue to assert against any remaining defendant(s), the court shall dismiss this adversary proceeding.

Orders in accordance with this decision are simultaneously entered.

SO ORDERED.

