In the Matter of Jack Leland
WARNER aka Jack L.
Warner, Debtor.

Thomas B. TALBOT, Jr., Chapter 7
Trustee, Plaintiff,

v.

Jack L. WARNER, Elaine Warner and
Lois K. Schenck, Defendants.

Bankruptcy No. 3–84–00012.
Adv. No. 3–86–0001.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 12, 1986.

Thomas B. Talbot, Talbot & Ducker, Dayton, Ohio, Chapter 7 Trustee.

E. James Wampler, Dayton, Ohio, for defendants.

## DECISION DEFERRING RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDERING FURTHER DISCOVERY AND OTHER MATTERS

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this

court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(H), in which the plaintiff, Thomas B. Talbot, Jr., Chapter 7 Trustee, in his complaint, seeks to avoid as fraudulent, pursuant to 11 U.S.C. § 548(a)(1) and (2) (1982), a transfer of stock from the defendant-debtor, Jack L. Warner, to either defendant, Elaine Warner, or to defendant, Lois K. Schenck, relatives of the debtor.

This case is before the court on the plaintiff's complaint; the answers of the three defendants; the motion for summary judgment filed by the three defendants with a supporting affidavit from each; and the plaintiff's memorandum in opposition to the defendants' motion for summary judgment.

## I. ARGUMENTS OF THE PARTIES

The plaintiff's complaint asserts two independent grounds for relief. The first count of the complaint alleges, pursuant to 11 U.S.C. § 548(a)(1)(1982), that defendant-debtor, Jack L. Warner, within one year prior to filing his bankruptcy petition transferred an undetermined number of shares of stock of Dayton Power and Light Company to either defendant, Elaine Warner, his sister, or defendant, Lois Schenck, his mother, with actual intent to hinder, delay or defraud creditors. The plaintiff's second count alleges, pursuant to 11 U.S.C. § 548(a)(2)(1982), that the defendant-debtor received in exchange for the transfer less than the stock's reasonably equivalent value, and either was insolvent on the date of transfer, became insolvent because of it, or intended to incur debts that would be beyond his ability to pay. The plaintiff requests that the court void these intra-family transfers, order the shares turned over to the trustee, and grant any additional relief the court finds is just.

The defendants in their answers, affidavits and motion for summary judgment concede that in November 1983, which was within one year of the defendant-debtor's filing of bankruptcy (January 4, 1984), the debtor transferred one hundred sixty-six (166) shares of stock worth approximately two thousand one hundred dollars ($2,100)

to his sister, defendant, Elaine Warner, for less than its reasonably equivalent value; but, they deny that the transfer was fraudulent. The defendants, first of all, assert that the stock did not belong to the defendant-debtor, but to his mother, Lois K. Schenck. In support of that position, defendant, Schenck, swore in her affidavit that in 1975 she purchased one thousand (1,000) shares of Dayton Power and Light stock, kept five hundred (500) shares and distributed one-third (⅓) of the remaining five hundred (500) shares to each of her three children: the debtor, Jack L. Warner, the defendant, Elaine Warner, and their brother, Craig Warner (not a party to this action). She states that these transfers were part of an estate plan intended to reduce potential federal estate taxes. She declares that at that time the federal estate tax exemption was sixty thousand dollars ($60,000), and fearing her estate would exceed that amount, she put five hundred (500) shares of stock in her children's names. Her affidavit further states that she did not intend these transfers to be gifts during her life, only upon her death. As evidence of this, all three defendants swore that all dividends on their stock have been paid to their mother. The debtor's affidavit recites that since he did not own the stock, he did not expect reasonably equivalent value for the transfer.

The defendants in their affidavits further state that the reason for the transfer from the defendant-debtor to his sister was the "confusion" that arose over the stock during the debtor's divorce proceedings which were finalized on October 18, 1983, in the Montgomery County Court of Common Pleas, Division of Domestic Relations, Case No. 83–DR–437. The debtor insists that the divorce rather than any intent to hinder, delay or defraud creditors was the reason for the transfer.

Finally, the debtor's affidavit declares that he was not insolvent on the date of transfer, did not become insolvent as a result of the stock transfer or intend to incur debts beyond anything that could be paid out of stock worth two thousand one

hundred dollars ($2,100). In his answer, the debtor states that the precipitating cause of his bankruptcy was that he was "unable to secure certain PIK proceeds for use in his farming operation." The defendants argue accordingly that their motion for summary judgment should be granted.

The plaintiff, in his memorandum in response to the motion for summary judgment, argues that the parties agree that the shares in question were transferred from the debtor to his sister at less than their reasonably equivalent value within one year of bankruptcy. He asserts, however, that there remain questions of fact and law regarding the debtor's insolvency and his financial condition at the relevant times as well as the reason for the transfer, and accordingly, the plaintiff argues, the motion should be denied.

## II. ISSUE

Under the standards developed by existing Federal case law, is there "no genuine issue as to any material fact" and can the court conclude "as a matter of law" upon the pleadings and evidence that presently exist in this case that, pursuant to Fed.R. Civ.P. 56(c) (Bankr.R. 7056), the transfer of the shares of stock from the movant-debtor, Jack L. Warner, to his sister, defendant, Elaine Warner, was not fraudulent and the movants-defendants are entitled to an order granting their motion for summary judgment?

## III. ANALYSIS—SUMMARY JUDGMENT STANDARDS

In ruling on a motion for summary judgment, this court is guided by the existing decisions of the Sixth Circuit Court of Appeals and their interpretation of Fed.R. Civ.P. 56 as well as Supreme Court decisions examining the Rule.

Although summary judgment is a useful and often efficient device for deciding cases, it must be used only with extreme caution for it operates to deny a litigant his day in court. Thus on a motion for summary judgment the movant has the burden of showing *conclusively* that

there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion.

(emphasis in original; citations omitted). *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

Summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the plaintiff is entitled to judgment as a matter of law. A court may not resolve disputed questions of fact in a summary judgment decision, and if a disputed question of fact remains, the district court should deny the motion for summary judgment and proceed to trial.

(footnote and citations omitted). *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc. (In re Atlas Concrete Pipe, Inc.)*, 668 F.2d 905, 908 (6th Cir.1982).

In two recent decisions issued the same day—June 25, 1986—*Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Celotex Corporation v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court reexamined Fed.R. Civ.P. 56. In *Celotex*, the Court reaffirmed the Rule's value stating "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses," *Id.*, —— U.S. at ——, 106 S.Ct. at 2553, and "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole," *Id.*, —— U.S. at ——, 106 S.Ct. at 2555. The Court also restated its recognition of the competing interests inherent in summary judgment proceedings.

Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing

such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Id.*

The cases interpreting the various provisions of Rule 56 have produced an evolving body of law that has continued to emphasize standards which require both a moving and a nonmoving party to give careful attention to the presentation and defense of a motion for summary judgment. The two recent decisions from the United States Supreme Court reflect the careful attention required by all parties involved in a motion for summary judgment.

In *Anderson,* the Court held that "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden," *Id.,* —— U.S. at ——, 106 S.Ct. at 2513, *i.e.,* "whether a jury [fact finder] could reasonably find *either* that the plaintiff proved his case by the quality and quantity of evidence required by the governing law *or* that he did not." *Id.* (emphasis in original).

In *Celotex,* the Court established the standard under which a trial court should rule on a motion for summary judgment:

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In

such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, ——, 106 S.Ct. 2505, 2552–53, 91 L.Ed.2d 202 (1986).

*Id.,* —— U.S. at ——, 106 S.Ct. at 2552–53.

■ This statement from the Court resolved the question of whether the party who does not bear the ultimate burden of proof at the trial of an issue must, as the movant in a motion for summary judgment, through the presentation of specific evidence negate the nonmovant's case in order to establish that there is no "genuine issue of material fact," thereby entitling the movant to summary judgment. A moving party in a motion for summary judgment meets its burden by affirmatively demonstrating from the record that is before the court that there is no evidence to support an essential element of the nonmoving party's case. While the commonality in this aspect of Rule 56 and Rule 12(b)(6) was recognized in the text of Rule 12 [1], the ease of entry to the arena of litigation provided by notice pleading was never intended to be a substitute for properly researched, factually supported causes of action. It is a recognized function of Rule 56 to terminate litigation unable to sustain the weight of its own assertions. The Supreme Court's decision in *Celotex* does not place a burden

---

1. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summa-

ry judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed.R.Civ.P. 12(b).

on the nonmoving party that did not exist prior to the decision, nor does it increase that party's burden in connection with a response to the motion for summary judgment.

> We do not mean that the nonmoving party must produce evidence in a form that would be admissable at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except the mere pleadings themselves*, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

(emphasis added). *Id.*, — U.S. at —, 106 S.Ct. at 2553–54.

As the Advisory Committee Note to the 1963 amendment of Fed.R.Civ.P. 56(e) states—"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." 28 U.S.C.A. Fed.R.Civ.P., Rule 56 to 59 at 18 (1982). This position was reaffirmed in *Anderson*, where the Court declared:

> Our prior decisions may not have uniformly recited the same language in describing genuine factual issues under Rule 56, but it is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. As *Adickes [v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ], *supra,* and *[First Nat. Bank of Ariz. v.] Cities Service,* [391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) ], *supra,* indicate, there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Cities Service,* 391 U.S., at 288–289, 88 S.Ct., at 1592. If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S.

82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) (*per curiam*), or is not significantly probative, *Cities Service, supra,* [391 U.S.] at 290, 88 S.Ct., at 1592, summary judgment may be granted.

*Id.,* — U.S. at —, 106 S.Ct. at 2511.

Since the court must view the evidence through the "prism of the substantive evidentiary burden," *Anderson,* — U.S. at —, 106 S.Ct. at 2513, and determine if "there is a genuine issue for trial," *Id.,* — U.S. at —, 106 S.Ct. at 2511, it will do so by examining the evidence presented in support of or in opposition to the motion to see if there is a factual dispute that is both material ("[f]actual disputes that are irrelevant or unnecessary will not be counted," *Id.,* — U.S. at —, 106 S.Ct. at 2510) and genuine ("whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," *Id.,* — U.S. at —, 106 S.Ct. at 2512), requiring resolution in a trial proceeding.

■ In addition to the above considerations, there are two additional factors that influence a court's determination of a summary judgment motion. The first, a threshold issue formed by counsel prior to the presentation of the summary judgment motion, is the opportunity for discovery, particularly by the nonmoving party. "Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had the opportunity to make full discovery." (footnote omitted) *Celotex,* — U.S. at —, 106 S.Ct. at 2554–55.

The final factor, which arises following the presentation of the summary judgment motion, is the exercise of discretion that rests with a trial court to deny or defer ruling on a motion for summary judgment when the evidence presented is indicative of relief, but is inadequately developed, or is inconsistent with other significant portions of the movant's case, or is incapable

of full resolution without the opportunity for observation and examination that results from a trial proceeding. "Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, ——— U.S. at ———, 106 S.Ct. at 2513–14.

As the Sixth Circuit Court of Appeals stated recently in connection with an antitrust action:

> [T]o survive a defendant's motion for summary judgment the plaintiff must provide some factual basis from which elements of intent and conspiracy may be reasonably inferred. *Cities Service*, 391 U.S. at 290 [88 S.Ct. at 1592]; *Smith [v. Northern Michigan Hospitals Inc.]* 703 F.2d [942] at 948 [ (6th Cir.1983) ]. Once the movant has informed the district court of the basis for its motion, identifying those parts of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which it believes show the absence of a genuine material fact issue, the nonmovant must go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Rule 56(c), (e), Fed.R. Civ.P.; *Celotex Corp. v. Catrett*, 54 U.S. L.W. 4775, 4777 [——— U.S. ———, ———, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265] (June 25, 1986); *see also Anderson v. Liberty Lobby, Inc.*, 54 U.S.L.W. 4755, 4757–58 [——— U.S. ———, ———, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202] (June 25, 1986). The evidence must be viewed in a light most favorable to the party opposing summary judgment and that party must be given the benefit of all reasonable inferences. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 54 U.S. L.W. 4319, 4322 [——— U.S. ———, ———, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538] (March 26, 1986); *Bouldis v. U.S. Suzuki Motor Corp.*, 711 F.2d 1319, 1324 (6th Cir.1983). *Potters Medical Center v. City Hospital Association*, 800 F.2d 568, 572 (6th Cir. 1986).

■ These cases provide counsel with clear warning that the presentation or defense of a motion for summary judgment requires, at a minimum, an adequate opportunity (whether exercised or not), for the parties to conduct full discovery of the issue, coupled with an understanding of the substantive evidentiary burden involved in the specific issue and a proper presentation of the material and genuine factual matters which would result in the resolution of the issue or the requirement of a trial.

## IV. RESOLUTION OF MOTION FOR SUMMARY JUDGMENT

■ Applying the standards set forth in *Anderson* and *Celotex* to the case before this court, we first note that the substantive evidentiary standard in proving a fraudulent transfer under § 548[2] is that of clear and convincing evidence under § 548(a)(1) (actual intent) but only a pre-

---

2. (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1982).

ponderance of the evidence under § 548(a)(2) (intent presumed). *Central Trust Company v. Burchett (In re Wilson Dairy Company)*, 30 B.R. 67, 70 (Bankr.S. D.Ohio 1983); *Tyler v. Capitol Chemical Industries, Inc. (In re Metro Paper, Inc.)*, 18 B.R. 56, 8 B.C.D. 1027 (Bankr.D.D.C. 1982).

■ A case for a fraudulent transfer may be premised on either of these two theories under § 548(a). Under the first, it must be proven that:

1. The debtor had an interest in the property;

2. The property was transferred within one year of the debtor's petition; and

3. The debtor made the transfer with *actual* intent to hinder, delay, or defraud a creditor.

■ A case for a fraudulent transfer under § 548(a)(2) does not require proof by clear and convincing evidence of *actual* intent to hinder, delay or defraud. *Kuhn v. Nance (In re Nance)*, 26 B.R. 105, 107 (Bankr.S.D.Ohio 1982). Instead, such intent is presumed, 4 *Collier on Bankruptcy*, ¶ 548.03 at 548–44–45, (15th ed.1986), where the following conditions are met:

1. The debtor had an interest in the property;

2. The property was transferred within one year of the debtor's petition;

3. The debtor received less than the property's reasonably equivalent value; and

4. The debtor was insolvent on the date of transfer, or became insolvent as a result of it, or was engaged in or about to engage in a business for which the property remaining with the debtor was an unreasonably small capital, or the debtor intended to incur, or believed he would incur debts beyond his ability to repay them as they matured.

■ The defendant in the case before this court, unlike the movant in *Celotex*, sought to negate the plaintiff's claim with supporting affidavits, which tended to establish that the facts were otherwise than the plaintiff's complaint indicated. The plaintiff's memorandum in response, however, did not introduce any affirmative factual evidence showing that there was a genuine issue remaining for trial, relying instead of the assertions in its pleadings. *Celotex* instructs us that where the burden of proof remains with the plaintiff at trial, he must establish every element of his case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*, —— U.S. at ——, 106 S.Ct. at 2553.

Applying the applicable substantive evidentiary standard as urged by *Anderson*, we find that the plaintiff did make a showing sufficient to establish at trial the existence of some of the elements of § 548(a)(1). The record establishes that the defendant had legal title to the stock in question and that he transferred that legal title to another within one year of the debtor's petition. The question remaining—whether the plaintiff's assertion of actual intent to hinder, delay, or defraud, countered by the affidavits of the debtor and his relatives that the debtor held the stock in an undisclosed trust situation and that the intent of the transfer was to avoid confusion caused by the debtor's pending divorce, not to defraud creditors—when viewed through the substantive evidentiary requirement of clear and convincing evidence, could on the state of the existing record, justify granting summary judgment.

■ Under the plaintiff's alternative basis for relief, the record again establishes the existence of some of the elements of § 548(a)(2). The plaintiff has established the debtor's legal title, that the transfer occurred within a year of his petition, and that the debtor received less than reasonably equivalent value for the stock. No evidence on the issue of insolvency was presented by either party—merely opposing assertions. Although the holding in *Celotex* demands that when the burden of proof is on the plaintiff, the defendant need

not negate the plaintiff's assertion—rather, it is the plaintiff who must demonstrate all elements by specific facts, —, the court notes that the record establishes the debtor's insolvency on the date the bankruptcy was filed, which was within a month or two of the stock transfer. While the result might be otherwise if this were the only evidence presented by the plaintiff at the time of trial, at this stage of these proceedings, it is sufficient to create an issue for a fact finder to resolve.

■ While the movants' arguments have merit and place the plaintiff's case in jeopardy, matters such as intent,—the determination of which almost always involves an evaluation of credibility, demeanor and testimony subjected to cross-examination as opposed to unobserved self-sworn affidavits—and insolvency—the determination of which almost always involves an evaluation of the assets and liabilities of a debtor at a specific point in time—are not best suited for disposition through summary judgment motions.

Traditionally, it has been held in bankruptcy courts that allegations of fraud which involve factual issues of intent and insolvency are not capable of resolution by the mechanism of summary judgment. *Varon v. Trimble, Marshall & Goldman, P.C. (In re Euro-Swiss International Corporation)*, 33 B.R. 872, 11 B.C.D. 113, 115 (Bankr.S.D.N.Y.1983). Moreover, where the fraudulent conduct of the debtor is involved, the courts have liberally applied and interpreted pleading rules, particularly in situations where a trustee, "a third party outsider to the fraudulent transaction" is pleading "fraud on secondhand knowledge for the benefit of the estate and all of its creditors." *Hassett v. Zimmerman (In re O.P.M. Leasing Services, Inc.)*, 32 B.R. 199, 202 (Bankr.S.D.N.Y.1983). Finally, Notes of the Advisory Committee on Rules in discussing the amendment adding the current last two sentences of Fed.R.Civ.P. 56(e) stated:

Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So, far [sic] example: Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition.

28 U.S.C.A. Fed.R.Civ.P., Rules 56 to 59 at 18.

Thus, it would seem that the case presently before this court represents precisely the kind of situation to which the *Anderson* Court alluded since it involves judicial discretion in deciding whether to proceed to trial. *Id.,* — U.S. at —, 106 S.Ct. at 2514. To hold otherwise would be to prematurely terminate many 11 U.S.C. §§ 523, 727 as well as § 548 cases merely because the defendant filed a motion for summary judgment prior to an opportunity for full discovery. A defendant in such actions could thereby obtain a favorable judgment because the complaint and the rapidly developed record did not present sufficient evidence to sustain the plaintiff's evidentiary burden in opposition to a properly supported summary judgment motion of the defendant.

Both *Anderson* and *Celotex* are premised on the existence of an adequate opportunity for complete discovery. In *Celotex,* where the parties had conducted discovery, and a year had elapsed between the filing of the complaint and the filing of the motion for summary judgment, the Court specifically addressed the problem of a premature motion for summary judgment and suggested as a solution the application of Fed.R.Civ.P. 56(f).[3]

---

**3.** Should it appear from the affidavits of a party      opposing the motion that he cannot for rea-

In the instant case, although the plaintiff did not raise the matter as a threshold issue, the court notes that the record does not demonstrate that any discovery has taken place and that the defendant's motion for summary judgment was filed twenty-eight (28) days after the complaint was filed.

Accordingly, this court DEFERS its ruling on the defendants' motion for summary judgment at this time and ORDERS that all parties complete discovery within sixty (60) days from the entry of this decision. The court further ORDERS that the plaintiff submit to the court evidence supporting its claim of actual intent to hinder, delay, or defraud creditors at the time of the transfer, pursuant to § 548(a)(1), and its claim of the debtor's insolvency at the relevant time, pursuant to § 548(a)(2), and that the defendants respond with further evidence, if any, regarding plaintiff's submitted evidence and present any further evidence in support of their trust theory of ownership of the stock, with appropriate briefs by each party, if applicable, and that either party submit a request for an oral hearing, if one is desired, on the original motion or any subsequent motion for summary judgment within ninety (90) days from the date of entry of this decision.

If the parties do not submit any further evidence or motions and no oral hearing is requested, summary judgment will be granted to the defendants as to the plaintiff's first cause of action (§ 548(a)(1)) and denied to the defendants as to plaintiff's second cause of action (§ 548(a)(2)), ninety (90) days after the entry of the order issued pursuant to this decision.

sons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
Fed.R.Civ.P. 56(f).