**In re Alan J. ANTWEIL and Mary Frances Antweil, Hobbs Pipe and Supply, a general partnership, Morris R. Antweil, Debtors.**

**Elliott JOHNSON, trustee, Plaintiff,**

**v.**

**William BARNHILL, Bravo Energy, Inc., and Goldie Cash as personal representative of the Estate of Murray M. Cash, Defendants.**

**Bankruptcy No. 11–86–00254 M A.**

**Adv. 88–0136 M.**

United States Bankruptcy Court,
D. New Mexico.

March 1, 1989.

Andrew J. Cloutier and William P. Johnson, Roswell, N.M., for plaintiff.

William J. Arland, III, Albuquerque, N.M., for defendants Barnhill and Bravo.

Gail Gottlieb, Albuquerque, N.M. and John E. Howland, Tulsa, Okl., for defendant Cash Estate.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for hearing on plaintiff's motion to file a second amended complaint and the objection thereto by defendant Barnhill. Having considered the arguments of counsel and the letter memoranda submitted therewith, and being otherwise fully informed, the Court finds the objection well taken.

Although amendments to complaints should be freely permitted when justice so requires, *see* Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Development Fund Company, Inc.*, 608 F.2d 28, 41 (2d Cir.1979), it would be an exercise in futility to allow an amendment when the new complaint would not survive a motion to dismiss. *See* J. Moore, 3 *Moore's Federal Practice* ¶ 115.08[4] (2d ed.1985); *Freeman v. Marine Midland Bank*, 494 F.2d 1334, 1338 (2d Cir.1974); *Vibrant Sales, Inc. v. New Body Boutique, Inc.*, 105 F.R.D. 553 (S.D.N.Y.1985).

*In re Sattler's Inc.*, 73 B.R. 780, 785 (Bankr.S.D.N.Y.1987).

Plaintiff's proposed second amended complaint is identical to the first, with one exception; it adds paragraph 7 to Count I against Barnhill that states:

> Alternatively, the transfer from debtors to William Barnhill was made on November 20, 1985. On information and belief, the trustee states that the check attached hereto as exhibit A was delivered to William Barnhill and/or his agents on November 18, 1985, said check was post-dated to November 19, 1985, and said check was honored by the drawee on November 20, 1985.

Taking judicial notice of the file the Court finds that the 90th day before the bankruptcy petition was filed is November 20, 1985.

In an earlier order entered in this case the Court ruled that the appropriate way to count days for purposes of the 90 day preference period is backwards from the date of the petition. *Johnson v. Barnhill (In re Antweil)* 97 B.R. 63 (Bankr.D.N.M. 1988). That order also found the case of *In re White River Corporation,* 799 F.2d 631 (10th Cir.1986) binding. That case states that the date of delivery of a check is the date of transfer if the check is presented for payment within 30 days and honored.

Trustee makes two arguments to support amending the complaint: first, that the date of delivery rule should not apply to post-dated checks and, second, that the date of delivery rule only applies to Bankruptcy Code § 547(c) defenses, not § 547(b) preference actions. Each will be discussed in turn.

■ The Court finds that the date of delivery rule should apply to post-dated checks. The date of delivery rule is the method adopted by the Court of Appeals for the Tenth Circuit to determine when a transfer made by check occurs. *In re White River,* 799 F.2d at 633. One purpose stated by the Court in adopting that rule

was to allow the debtor, as opposed to a bank, to determine the "precise date of transfer." *Id.* at 634. By defining "delivery" to be the later of the date a check is received or dated will further that purpose. This interpretation will also comport with the state law treatment of post-dated checks.[1]

■ The Court also finds that the date of delivery rule should apply to § 547(b) preference actions as well as to § 547(c) defenses thereto. First, *White River* held that "a transfer occurs upon delivery" and rejected the argument that a transfer occurred on the date a check was honored. 799 F.2d at 633. The trustee makes the same argument in this case.

Second, the Court finds no good reason to view a single transaction differently depending on which subsection of the statute is being read. Finally, in this case the date on the check and the date the check was delivered to Barnhill are both outside the 90 day preference period. This does not seem to be the type of situation Congress intended to cover when it passed section 547. *See* 124 Cong.Rec. S17414 (daily ed. Oct. 6, 1978) ("Payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored.")

Therefore, if the Court granted the plaintiff's motion to file a second amended complaint that complaint would not survive a motion to dismiss. Plaintiff's motion will be denied.

In the October 24, 1988 order entered in this case the Court granted all pending motions to dismiss except Barnhill's and reserved ruling on the Barnhill motion pending the outcome of plaintiff's motion to amend the complaint. For the reasons set forth in the October 24, 1988 order the Court now finds Barnhill's motion to dismiss well taken.

An appropriate order shall enter.

---

1. Section 55–3–114 N.M.S.A. provides, in part:

   (1) The negotiability of an instrument is not affected by the fact that it is undated, antedated, or postdated.

   (2) Where an instrument is antedated or post-dated the time when it is payable is determined by the stated date if the instrument is payable on demand or at a fixed period after date.