In re CARL SUBLER TRUCKING, INC., Debtor.

CARL SUBLER TRUCKING, INC., Plaintiff,

v.

KINGSVILLE–NINETY AUTO/TRUCK STOP, INC., Defendant.

Bankruptcy Nos. 3–87–02026 to 3–87–02028.

Adv. No. 3–89–0188.

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 13, 1990.

M. Colette Gibbons, Cleveland, Ohio, for Kingsville Ninety Auto/Truck Stop, Inc.

Kevin E. Irwin, Cincinnati, Ohio, for Unsecured Creditor's Committee.

John Paul Rieser, Francisco A. Irizarry, Thomas B. Talbot, Dayton, Ohio, for Carl Subler Trucking, Inc.

## DECISION ON ORDER DENYING SUMMARY JUDGMENT TO THE DEFENDANT AND GRANTING PARTIAL SUMMARY JUDGMENT TO THE PLAINTIFF AND GRANTING THE PLAINTIFF'S MOTION TO SET PRETRIAL

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order Of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate, and (F)—proceedings to determine, avoid, or recover preferences. The issues in this proceeding are presented by a Motion For Summary Judgment (Doc. 24) filed by the defendant, Kingsville–Ninety Auto Truck Stop, Inc. (Kingsville), and a Motion To Schedule Hearing On Pending Summary Judgment And/Or Set Pretrial For Further Proceedings (Doc. 32), filed by the plaintiff, Carl Subler Trucking, Inc. (Subler).

Subler, the debtor, filed for relief under chapter 11 of the Bankruptcy Code on June 30, 1987. Subler commenced this adversary proceeding against the defendant, Kingsville, seeking to avoid a transfer made to Kingsville in the amount of sixty-four thousand, one hundred and sixty-two dollars and seventeen cents ($64,162.17). On December 13, 1989, the court issued a pretrial order setting March 2, 1990, as the cut-off date for filing an agreed statement of facts and agreed exhibits. Because the parties' counsel were unable to reach an agreement before March 2, 1990, Subler filed a Submittal Of Plaintiff's, Carl Subler Trucking, Inc., Debtor–In–Possession, Proposed Portion Of Agreed Statement Of Facts And Agreed Exhibits (Doc. 20), and Kingsville submitted a Responses To Agreed Statement Of Facts Submitted By Plaintiff And Additional Proposed Stipulations By Defendant (Doc. 23). Kingsville filed a Motion For Summary Judgment (Doc. 24), an affidavit (Doc. 25), and a Supplemental Brief In Support Of Motion For Summary Judgment (Doc. 33). In re-

sponse, Subler filed Plaintiff's Memorandum Contra To Motion For Summary Judgment Of Defendant, Kingsville (Doc. 28), an affidavit (Doc. 30), and a Motion To Schedule Hearing On Pending Summary Judgment And/Or Set Pretrial For Further Proceedings (Doc. 32).

Kingsville contends that it is entitled to a summary judgment based on the defenses to a preference action provided by 11 U.S.C. § 547(c)(2)[1] and § 547(c)(4).[2] First, Kingsville asserts that a check dated and paid by Subler on April 1, 1987, in the amount of eight thousand, four hundred and seventy-five dollars and sixty-eight cents ($8,475.68), does not fall within the preference period, and thus is not avoidable by the trustee. Second, Kingsville asserts that the payments made to it during the preference period, including the check dated April 1, 1987, if held to come within the preference period, were payments made in the ordinary course of business, and thus are not avoidable by the trustee pursuant to § 547(c)(2). Third, Kingsville asserts that a portion of the payments made by Subler are not avoidable pursuant to § 547(c)(4), as new value was given.

Subler argues that Kingsville is not entitled to summary judgment as genuine issues of material fact exist with regard to Kingsville's defenses under § 547(c)(2) and § 547(c)(4). In addition, Subler asserts that the April 1, 1987, payment made to Kingsville does fall within the preference period.

The Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), established the standard under which a trial court should rule upon a motion for summary judgment:

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986), the Court held that "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden"; for example, "whether a jury [fact finder] could reasonably find *either* that the plaintiff proved his case by the quality and quantity of evidence required by the governing law *or* that he did not." 477 U.S. at 254, 106 S.Ct. at 2513 (emphasis in original). "One of the principal purposes of the summary judgment

---

**1.** (c) The trustee may not avoid under this section a transfer—

    .     .     .     .     .

  (2) to the extent such transfer was—
    (A) in payment of a debt incurred by the debtor in the ordinary course of business of financial affairs of the debtor and the transferee;
    (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
    (C) made according to ordinary business terms.

**2.** (c) The trustee may not avoid under this section a transfer—

    .     .     .     .     .

  (4) to or for the benefit of a creditor, to the extent that, after the transfer, such creditor gave new value to or for the benefit of the debtor—
    (A) nor secured by an otherwise unavoidable security interest; and
    (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex*, 106 S.Ct. at 2553.

Both parties agree that no genuine factual dispute exists with regard to the first issue of whether the check, dated and paid on April 1, 1987, falls within the preference period. Kingsville's Motion For Summary Judgment (Doc. 24) is properly before the court as it pertains to this defense because it raises an issue which is solely a matter of law. 11 U.S.C. § 547(b)(4)(A) in pertinent part provides that the "trustee may avoid any transfer of an interest of the debtor in property made on or within 90 days before the date of the filing of the [bankruptcy] petition." Interpreting this provision, the Sixth Circuit held:

> [I]n the case of check transactions, with the exception of post-dated checks, transfer occurs upon delivery of the check from debtor to creditor, and that delivery occurs upon the creditor's actual receipt of the check. We also agree with the view of the First and Tenth Circuits that the check must be presented for payment within "the 30–day period deemed reasonable under the U.C.C." and honored upon presentment in order for the delivery date to be considered the time of transfer.

*Official Unsecured Creditors' Committee Of Belknap, Inc. v. Shaler Corp. (In re Belknap, Inc.)*, 909 F.2d 879, 884 (6th Cir. 1990) (footnote omitted).

The check, alleged not to be within the preference period, was dated April 1, 1987, and was stamped "paid April 1, 1987." Kingsville states that "the notations on the check suggest that the check was delivered on the same day it was issued" (Doc. 24). Kingsville has not alleged that the check was postdated or delivered earlier than April 1, 1987. Therefore, because the check was delivered on April 1, 1987, the issue is whether April 1, 1987, falls within the preference period.

■ A conflict of authority exists in computing the 90 day preference period. Several courts have held that the preference period is computed by counting backwards from the date the bankruptcy petition was filed. *See In re Baker & Getty Financial Services, Inc.*, 98 B.R. 300, 307 (Bankr.N.D.Ohio 1989); *In re Antweil*, 97 B.R. 69, 70 (Bankr.D.N.M.1989); *In re White*, 64 B.R. 843, 847 (Bankr.E.D.Tenn. 1986); *Matter of Schneider*, 44 B.R. 961, 962–63 (Bankr.W.D.Wis.1984); *In re Enterprise Fabricators, Inc.*, 36 B.R. 220, 223 (Bankr.M.D.Tenn 1983). Other courts have calculated the preference period by counting forward from the date of the transfer. *See In re Fabmet Corp.*, 31 B.R. 414, 416 (Bankr.W.D.N.Y.1983); *In re Mailbag International, Inc.*, 28 B.R. 905, 909–10 (Bankr.D.Conn.1983).

The Bankruptcy Court in the initial decision in *Belknap, In re Belknap, Inc.*, 96 B.R. 108, 109 (Bankr.W.D.Ky.1988), explained:

> The debtor filed its Chapter 11 on December 4, 1985. The provisions of 11 U.S.C. § 547(b)(4) allow the trustee (here, the duly-authorized creditors' committee) to potentially avoid transfers made by the debtor to a non-insider which occur, "... on or within 90 days before the date of the filing of the petition ..." In accordance with the time computation method set forth in Fed.R.Bankr.Pro. 9006, the 90th day prior to this debtor's petition falls on September 5, 1985.

The Sixth Circuit adopted the Bankruptcy Court's calculation and likewise concluded that "[t]he 90–day preference period began to run on September 5, 1985." *Belknap*, 909 F.2d at 881. Although the Sixth Circuit decision in *Belknap* did not specifically state the method which was used in calculating the 90 day preference period, to reach the Sixth Circuit's determination of the preference period, the preference period had to be calculated by counting backwards from the date the petition was filed. *Belknap* at 881; *accord In re Baker & Getty Financial Services, Inc.*, 98 B.R. 300, 307 (Bankr.N.D.Ohio 1989); *In re White*, 64 B.R. 843, 847 (Bankr.E.D.Tenn 1986). Accordingly, the court begins its count with June 29, 1987, the day before the filing date of the petition, and makes its calculation as follows:

| | |
|---|---|
| June 1–29, 1987 | 29 days |
| May 1–31, 1987 | 31 days |
| April 1–30, 1987 | 30 days |
| | 90 days |

The court concludes that April 1, 1987, is the ninetieth day of the preference period. Therefore, the check which was transferred on April 1, 1987, falls within the preference period. Based upon this determination, the court denies summary judgment as to this defense asserted by Kingsville.

■ "Federal Courts have long recognized that if there is no genuine issue as to any material fact the court may enter summary judgment, *sua sponte*. There is no requirement that there be a cross-motion or other pending motion seeking such summary judgment." *Matter of Sams*, 106 B.R. 485, 491 (Bankr.S.D.Ohio 1989). Accordingly, as to this defense, a partial summary judgment is granted in favor of Subler.

■ In its second argument, Kingsville asserts that the check dated and paid on April 1, 1987, if held to come within the preference period, and the other payments made by Subler during the preference period are nonavoidable pursuant to § 547(c)(2). "[A] court considering an exception to the preference provisions under § 547(c)(2) must engage in a 'peculiarly factual analysis'." *Gosch v. Burns (In re Finn)*, 909 F.2d 903, 907 (6th Cir.1990). When engaging in such a factual analysis, it is especially important that the parties submit facts which are complete, and adequately presented. Although the evidence produced by Kingsville is extensive, it has not been adequately developed and presented to the court, and currently fails to establish the requisite elements under § 547(c)(2).

Therefore, upon examination of the pleadings and exhibits submitted by the parties, Kingsville's Motion For Summary Judgment (Doc. 24) as pertaining to this issue is denied because Kingsville has not sustained its burden of proof by presenting the court with sufficient evidence to rule upon the motion. It is well settled that a court is unable to entertain a summary judgment motion when the facts necessary to a determination of the matter have not been presented. *In re Warner*, 65 B.R. 512, 516–17 (Bankr.S.D.Ohio 1986). As stated in *Warner:*

> The final factor, which arises following the presentation of the summary judgment motion, is the exercise of discretion that rests with a trial court to deny or defer ruling on a motion for summary judgment when the evidence presented is indicative of relief, but is inadequately developed, or is inconsistent with other significant portions of the movant's case, or is incapable of full resolution without the opportunity for observation and examination that results from a trial proceeding.

*Id.* at 517–18. In *Anderson*, the court warned:

> Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.

*Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

■ With regard to Kingsville's third argument, the court concludes that a genuine issue of material fact exists. Subler agrees that Kingsville gave new value and that therefore, payments made in connection with the new value may not be avoided; however, the parties disagree on the amount given as new value. Subler asserts that forty-two thousand, nine hundred and sixty-eight dollars and fifty-two cents ($42,968.52) was given as new value, and Kingsville asserts that forty-five thousand, forty-five dollars and forty-eight cents ($45,045.48) was given as new value. Because the amount of new value which was given is material to Kingsville's defense pursuant to § 547(c)(4), Kingsville is not entitled to summary judgment on this issue. As previously noted, the court cannot entertain a summary judgment motion when the facts necessary to a determination of the matter are in dispute or conflict. *Warner*, at 516–517 (Bankr.S.D.Ohio 1986).

Accordingly, the defendant's Motion For Summary Judgment is DENIED and the

plaintiff is GRANTED partial summary judgment in that the check dated and paid by Carl Subler Trucking, Inc. on April 1, 1987, in the amount of eight thousand, four hundred and seventy-five dollars and sixty-eight cents ($8,475.68) falls within the preference period. FURTHER, plaintiff's Motion To Schedule Hearing On Pending Summary Judgment And/Or Set Pretrial For Further Proceedings (Doc. 32) is GRANTED.

An order in accordance with this decision is simultaneously entered. The court has issued a separate order scheduling further proceedings.

SO ORDERED.