John A. BURDICK, Jr., Chapter 7 Trustee, Plaintiff,

v.

Robert E. LEE; Brian Johnson; Paul F. Johnson; Richard A. Pilotte; East Beach Associates, Inc; and Enterprises, LLC, Defendants.

No. Civ.A. 00–40132–NMG.

United States District Court, D. Massachusetts.

Jan. 11, 2001.

Darragh K. Kasakoff, Kevin C. McGee, Seder & Chandler, Worcester, MA, for plaintiff.

Stephen J. Gordon, Gordon and Wise, Boston, MA, for Robert E. Lee, Brian W. Johnson, Paul F. Johnson, and East Beach Associates.

Jeffery K. Florence, Law Office of Christopher Uhl, Worcester, MA, for Richard A. Pilotte.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff, John A. Burdick ("the Trustee"), is the trustee in bankruptcy for five debtor corporations (collectively "the Debtor Corporations"): 1) Omni Multimedia Group, Inc. ("OMG"), 2) Omni Resources Corporation ("ORC"), 3) 4CD's Corporation ("4CD"), 4) Campbell Products Corporation ("Campbell") and 5) Mezzoman Productions, Inc. ("Mezzoman"). On November 12, 1999, the Trustee filed a 15–count complaint against defendants Robert E. Lee, Jr. ("Lee"), Brian W. Johnson ("B. Johnson"), Paul F. Johnson ("P. Johnson"), Richard A. Pilotte ("Pilotte"), East Beach Associates ("East Beach") and Enterprises, LLC ("Enterprises") (collectively, "the Defendants"). The Trustee alleges claims for 1) breach of contract, 2) monies lent, 3) various claims under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and 4) breach of fiduciary duty.

A jury trial commenced on December 4, 2000. At the close of the evidence, both parties moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a) with respect to all counts of the complaint. Plaintiff's Rule 50 motion was submitted in writing. Defendants' Rule 50 motion was made orally at a hearing to consider both motions held on December 7, 2000. This Court denied Plaintiff's motion in its entirety. Defendants' motion was allowed with respect to 1) plaintiff's preferential transfer claims under 11 U.S.C. § 547(b), and 2) plaintiff's fraudulent conveyance claims under 11 U.S.C. § 548(a), but denied with respect to all remaining counts. The Court now provides its rationale for that ruling.

## I. *Background*

On November 14, 1997 ("the Petition Date"), the Debtor Corporations each filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court. On June 4, 1998, the Bankruptcy Court entered an order converting the cases to Chapter 7 cases and the following day appointed Burdick as Chapter 7 Trustee. The Trustee brought an adversary proceeding against the Defendants and, on July 31, 2000, it was referred to this Court for final pretrial proceedings and jury trial. On November 14, 2000, this Court entered a notice of default with respect to defendant, Pilotte, thus removing him from the case.

The Trustee contends that Lee, B. Johnson and P. Johnson were employees of the Debtor Corporations and stockholders and directors of Enterprises. He also claims that Lee operated and controlled East Beach. The gravamen of the Trustee's complaint is that the Defendants received improper payments from the Debtor Corporations both prior to and following the Petition Date and that, as trustee for the Debtor Corporations, he is entitled to recover those payments.

## II. *Standard for Judgment as a Matter of Law*

A motion for judgment as a matter of law under Fed.R.Civ.P. 50(a) will be granted only in those instances where, after having examined the evidence as well as all permissible inferences drawn therefrom in the light most favorable to the non-moving party, the court finds that a reasonable jury could not render a verdict in that party's favor. *Wills v. Brown Univ.*, 184 F.3d 20, 29 (1st Cir.1999). The court should review all of the evidence in the record, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000), but may not take into account the credibility of witnesses or evidentiary conflicts, nor may it ponder the weight of the evidence introduced at trial. *Logue v. Dore*, 103 F.3d 1040, 1043 (1st Cir.1997).

## III. *Analysis*

### A. Trustee's Rule 50 Motion

The brief in support of the Trustee's motion consists of little more than conclusory statements on the basis of which judgment as a matter of law would be inappropriate. In any event, having reviewed the evidence in the light most favorable to the Defendants, this Court concludes that a reasonable jury could have rendered a verdict in their favor on all counts.

### B. Defendants' Rule 50 Motion

At the conclusion of the evidence, this Court denied Defendants' motion with respect to most of the complaint. The Trustee failed, however, to offer evidence as to key elements of his claims for fraudulent conveyance (Counts 8 and 10) and preferential transfer (Counts 9, 11, 12 and 13) and Defendants' motion for judgment as a matter of law was, therefore, allowed with respect to those counts.

#### 1. *Fraudulent Conveyances*

In Counts 8 and 10, the Trustee alleges that within one year prior to the Petition Date, the Debtor Corporations made fraudulent transfers to defendants East Beach and Enterprises. He contends that those transfers are avoidable under 11 U.S.C. § 548(a)(1) and that he is entitled to recover the amount of each transfer pursuant to 11 U.S.C. § 550(a).

■ Section 548(a)(1) provides, in pertinent part:

> The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1).[1] The party seeking to avoid a fraudulent transfer bears the burden of proof on each element of entitlement to avoidance. *McColley v. Jacobs (In re North American Dealer Group, Inc.)*, 62 B.R. 423, 428 (Bankr.E.D.N.Y.

1. Amendments made in 1998 altered the section numbering of § 548(a). *See* Pub.L. No. 105–183, § 3(a)(1998). Most case law interpreting § 548(a), including that cited herein, therefore deals with the pre–1998 version. Because the 1998 amendments did not change the substance of § 548(a), reliance on such case law remains warranted.

1986). The elements of a fraudulent transfer under § 548(a)(1)(B) must be proved by a preponderance of the evidence. *Talbot v. Warner (In re Warner)*, 65 B.R. 512, 518–19 (Bankr.S.D.Ohio 1986).

■ The Trustee has failed to carry his burden because, at trial, he did not introduce any evidence of insolvency on the date of any fraudulent transfers as required by § 548(a)(1)(B)(ii). He offered a Summary of Schedules, *Exhibit 9*, which shows an excess of liabilities over assets for the Debtor Corporations as of the Petition Date.[2] However, schedules and statements of financial affairs filed with a bankruptcy petition which show liabilities in excess of assets as of the date of filing do not, without more, constitute *prima facie* evidence of insolvency as of the date of an alleged fraudulent transfer. *Annis v. First State Bank (In re Annis)*, 78 B.R. 962, 967 (Bankr.W.D.Mo.1987).

To prove insolvency prior to the Petition Date, the Trustee introduced the following: 1) a press release for OMG dated February 20, 1997, *Exhibit 5*, and 2) SEC Form 10–KSB for OMG, *Exhibit 8*. Contrary to the Trustee's assertion, however, the press release clearly shows the Debtor Corporations' solvency prior to the Petition Date.

■ SEC Form 10–KSB also indicates an excess of assets over liabilities as of March 29, 1997. *See Exhibit 8* at 48. The Trustee contends that the Debtor Corporations' stated assets consisted, in part, of approximately $11,000,000 in capital leases, *see Exhibit 8* at 60, to which they had no title. The Trustee argues that those capital leases cannot be included as assets because they were not salable, thus rendering the Debtor Corporations clearly insolvent during the one-year period prior to the Petition Date. There is no basis, however, for discounting the capital leases as assets because the Bankruptcy Code does not exclude such non-salable assets for the

purpose of defining insolvency. 11 U.S.C. § 101(32). Without proof of insolvency, the fraudulent conveyance claims were insufficient as a matter of law.

■ Moreover, the Trustee introduced no evidence that the Debtor Corporations received less than equivalent value, as required by § 548(a)(2)(B)(i), for plane flights taken by Mr. Lee and charged to the Debtor Corporations via the defendant, Enterprises. Lee testified that he used the plane for both business and personal travel, but that he paid with his own funds for any personal use. The jury could not have inferred, therefore, that the Debtor Corporations received less than reasonably equivalent value for the expenses incurred for Lee's use of the plane.

### 2. *Preferential Transfers*

In Counts 9, 11, 12 and 13, the Trustee alleges that within one year prior to the Petition Date, the Debtor Corporations made preferential transfers to defendants East Beach, Enterprises, P. Johnson and Lee. He contends that those transfers are avoidable under 11 U.S.C. § 547(b) and that he is entitled to recover the amount of each transfer pursuant to 11 U.S.C. § 550(a).

■ Section 547(b) describes the elements of a preferential transfer:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

---

**2.** The financial documents offered by the Trustee to prove insolvency refer to either OMG or ORC. Because OMG is the parent of the remaining four Debtor Corporations, the

parties have treated these documents as describing the financial status of the Debtor Corporations as a whole.

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The trustee has the burden of proving all five elements of the preferential transfer. 11 U.S.C. § 547(g); *Murphy v. Nunes (In re Terrific Seafoods, Inc.)*, 197 B.R. 724, 730–31 (Bankr.D.Mass. 1996).

■ At trial, the Trustee failed to produce any evidence, as required by § 547(b)(5), that the Defendants received more by virtue of the alleged preferential transfers than they would have under an equal distribution to all creditors with similar legal status. He contended that the Summary of Schedules shows an estimated $21 million in secured creditors' claims against the Debtors as of the Petition Date and cited evidence that on March 10, 1998, the Debtor Corporations' bank, Coast Business Credit, foreclosed on all of their assets.[3] The Trustee also argued that if the Debtor Corporations had no assets and there were approximately $21 million in claims after the Petition Date, the jury could infer that the Defendants received more by way of the alleged preferential transfers than they otherwise would have in a Chapter 7 liquidation.

However, as the Defendants point out, the Summary of Schedules merely states hypothetical liabilities as of the Petition Date, not actual creditors' claims. The Trustee offered no evidence of whether

claims had been filed against the Debtor Corporations nor did he offer any evidence of what assets had been recovered since the Petition Date. Without such evidence, the jury could not determine how much the Defendants would have received in comparison to others creditors. Accordingly, the Trustee failed to carry his burden under § 547(b) and his claims for preferential transfer were insufficient as a matter of law.

■ Moreover, the Trustee did not introduce evidence that the Debtor Corporations were insolvent during the period between ninety days and one year prior to the Petition Date ("the insider preference period"). Under § 547, a debtor is presumed insolvent during the ninety day period preceding the filing of a bankruptcy petition. 11 U.S.C. § 547(f). Because the alleged payment of preferences occurred outside that ninety-day period preceding the Petition Date, the presumption of insolvency is not applicable and the Trustee had the burden of proving insolvency. *Matson v. Strickland (In re Strickland)*, 230 B.R. 276, 282 (Bankr.E.D.Va.1999). Just as with the Trustee's claim of fraudulent transfer, he offered SEC Form 10–KSB to prove insolvency during the insider preference period. A debtor's schedules are not, however,

persuasive, dispositive, or controlling on the question of . . . insolvency at the time of the alleged preference; proper analysis should focus on more accurate evidence, including current appraisals, opinion valuation, actual sales of the assets, and tax returns.

*Id.* at 283–84. Standing alone, SEC Form 10–KSB and the press release do not, therefore, establish that the Debtor Corporations were insolvent during the relevant period.

---

**3.** The Summary of Schedules shows total liabilities of $27,551,017 but that figure includes

unsecured creditors' claims.

## ORDER

For the reasons set forth in the Memorandum above:

1) Plaintiff's motion for judgment as a matter of law (Docket No. 43) is DENIED; and

2) Defendants' motion for judgment as a matter of law is, with respect to Counts 8, 9, 10, 11, 12 and 13, ALLOWED, and, with respect to the remaining counts of the complaint, DENIED.

So ordered.