In the Matter of Melvin A. LAUGHLIN
and Vaughn E. Laughlin, Debtors.

Norma BURTRUM d/b/a Burtrum Brothers Motor Company and James F. De-Neen, Trustee in Bankruptcy, Plaintiffs,

v.

Melvin A. LAUGHLIN, Vaughn E. Laughlin, Harold Laughlin, Herman T. Miller and Anna L. Miller, Defendants.

Bankruptcy No. 80–01405–SW.
Adv. No. 81–1216–SW.

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

Feb. 9, 1982.

55555555555555555555555555555555555555555555555555555555555555555555555555555 

Norma Burtrum by Abe R. Paul, Pineville, Mo., for plaintiffs.

James DeNeen, pro se.

W. Henry Johnson, Neosho, Mo., for defendants Miller.

Robert W. Evenson, Pineville, Mo., for defendants Laughlin.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT FOR PLAINTIFF DeNEEN AGAINST DEFENDANTS MILLER FOR RETURN OF THE REAL PROPERTY OR ELSE THE VALUE OF $23,000 AND THAT PLAINTIFF DeNEEN HAVE AND RECOVER THE SUM OF $5,000 FROM THE DEFENDANT HAROLD LAUGHLIN

DENNIS J. STEWART, Bankruptcy Judge.

This is an action which the plaintiff Burtrum initiated in a state court of Missouri to retrieve from the defendants Miller certain real property on the grounds that it was transferred by defendants Laughlin to the Millers in violation of the Missouri fraudulent conveyance statute. See § 428.020 et seq. RSMo.

In a prior action in this court, the plaintiff, DeNeen, the trustee in bankruptcy, secured a decree denying the discharge in bankruptcy of the defendants Laughlin for having transferred the same property to the defendants Miller without adequate consideration and while insolvent. See *Matter of Laughlin*, 7 B.R. 924 (Bkrtcy.W.D.Mo.1981). In that action, the court concluded that it could not grant complete relief in the form of an order requiring the turnover of the property to the estate in bankruptcy because the uncontradicted evidence then before it tended to show that the Laughlins no longer had title to the property and that the current titleholders, the Millers, were

not then parties to the bankruptcy court action.

Thereafter, the trustee in bankruptcy, intervened as co-plaintiff in the state court action which the plaintiff Burtrum had brought, as noted above, under the Missouri fraudulent conveyance statute and removed the action to this court. All of the objections to removal which have been since raised by the defendants Miller have been disposed of in writing by this court in the exercise of its unreviewable discretion under § 1478, Title 28, United States Code.[1]

Trial, accordingly, of the factual issues was conducted by the court on December 14, 1981, whereupon the plaintiff Burtrum appeared by counsel, Abe R. Paul, Esquire; the plaintiff DeNeen appeared personally; the defendants Laughlin did not appear; and the defendants Miller appeared personally and by counsel, W. Henry Johnson, Esquire.

### Findings of Fact

The evidence which was then adduced warrants the following findings of material fact. The defendants Melvin and Vaughn Laughlin, the debtors in these title 11 proceedings, transferred, on or about August 1, 1979, a certain tract of real property located in McDonald County, Missouri, and having the following legal description:

"The northeast quarter of the southeast quarter and the southeast quarter of the northeast quarter of section 3, township 21, range 30."

The transferee and beneficiary of the conveyance was the Laughlin's son, Harold Laughlin. The consideration for the transfer was the sum of $1, although admittedly the value of the property was many times greater.[2] The transfer was made after the Laughlins were served with process, on July

1. "The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise." § 1478(b), Title 28, United States Code.

2. The evidence in this action demonstrates the value of the property to have been $40,000.00. See note 4, *infra*.

25, 1979, in Norma Burtrum's suit against them.

Subsequently, the Laughlin's son made a deal with the defendants Miller, who are the parents of his brother's wife, to convey the same land to them for the sum of $5,000. The sum of $5,000 has now actually been paid by the defendants Miller to the defendant Harold Laughlin. There is no indication in the evidence that the Millers knew the details respecting the inadequate consideration which Harold Laughlin had paid to his parents for conveyance of the property,[3] nor that the transfer from Harold Laughlin to the Millers was simply a transfer to a straw party, for Herman T. Miller testified credibly and without contradiction that it was his intention to live on the property and to retire there within a few years. But the consideration paid was inadequate in contrast with the value of the property. According to the evidence adduced in the hearing of this action, opinions of the value of that property range from $28,000 to $46,000.[4] In analyzing and comparing the admissible evidence of probative weight on this issue, the court finds that the fair market value of the real property is $40,000.[5] The evidence is to the uncontradicted effect that the property is encumbered by a valid and perfected security interest on which the sum of $12,000, at the time of the hearing in this case, was owed.[6] The debtors were insolvent when they transferred the property to Harold Laughlin.[7]

### Conclusions of Law

■ "The trustee [in bankruptcy] may avoid any transfer of an interest of the debtor in property . . . that was made on or within one year before the date of the filing of the petition, if the debtor made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was . . . indebted; or received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made . . ." Section 548 of the Bankruptcy Code. Under the facts which have been found above, the transfer of the property from the debtors Melvin and Vaughn Laughlin to Harold Laughlin is a transfer which is nullifiable under this section at the suit of the trustee in bankruptcy. When the transfer took place just after the debtors Melvin and Vaughn Laughlin were served with summons in the state court suit

3. Herman T. Miller, in his testimony in the hearing of this action, stated that he suspected that the Laughlins were "broke" at the time of the transfer of the property to Harold Laughlin. But there is no evidence that he or his wife knew anything respecting the voidability of that transfer.

4. According to the evidence taken in the hearing of the merits, Herman T. Miller regards the land and the house as having a total value of $40,000—$20,000 for the house on it and $250 per acre for 80 acres of surrounding land. Gene A. Busch, a real estate broker and land developer in Pineville, Missouri, expressed the opinion that the land and house have a value of $46,000. Deane McKeown, a real estate broker of Goodman, Missouri, appraised the present value of the property at $28,000 to $32,000 in its present condition. It was apparent in comparing the testimony of Mr. Busch (plaintiffs' expert) and that of Mr. McKeown (defendants' expert) that the primary element of difference is the valuation of the house. Mr. McKeown valued the house at $10,000—$12,000 "as it stands," with several defects, principally in the interior, whereas Mr. Busch gave the house a value of $18,000, although he admittedly had

not seen the interior of it. Otherwise, the land lacks a well and, in Mr. McKeown's opinion, is largely not tillable. Even according to Mr. McKeown's testimony, however, the lowest per-acre value of "comparable" 80-acre tracts is $300.00. Thus, under his own reasoning, even if the per-acre value has to be regarded as low as $300.00, this would give the land a value of $24,000 and the house a value of $12,000 for a total of $36,000. The court's review of the evidence also shows that there is a current interest in McDonald County property for purposes of rural residential property which generally enhances the current fair market value of that property. In view of this, it is reasonable for the court to find that the current fair market value of the property is $40,000.

5. See note 4, *supra.*

6. Although no documentary evidence was submitted on this point, the oral evidence was uncontradicted to this effect.

7. The oral testimony is uncontradicted to this effect.

brought by Norma Burtrum, to a close relative, and for inadequate consideration, it must, without more, be regarded as a transfer with actual intent to hinder, delay, and defraud the creditor Norma Burtrum within the meaning of the foregoing section. Further, when the transfer of a $40,000 piece of property was consummated for a consideration of only $1 and while the debtors were insolvent, it was equally avoidable as a transfer for inadequate consideration while the debtor was insolvent, within the meaning of the foregoing section. Under the clear import of § 548, *supra*, there can be little doubt that the trustee is entitled to recover from Harold Laughlin the value which he gained from the transfer.

■ But also, "to the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover for benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) *any immediate or mediate transferee of such initial transferee.*" Section 550(a) of the Bankruptcy Code. (Emphasis added.) This right to recover is eliminated or limited by the provisions of subsection (b) of that section to the following effect:

"The trustee may not recover . . . [from a subsequent transferee] that takes for value, . . . and without knowledge of the voidability of the transfer awarded."

"This means that liability is not imposed on a transferee to the extent that a transferee [is a] . . . good faith transferee for value of a transfer that is avoided . . ." Legislative History of § 550 of the Bankruptcy Code. Thus when, according to the foregoing findings, the defendants Herman T. and Anna Miller actually gave $5,000 in value and had no specific knowledge of the prior transfer to Harold Laughlin, their transferor, the trustee can recover only the value of the property less $5,000 from the Millers. This, under the findings made above, means recovery from the Millers of a value of $23,000—the value of $40,000 less than $12,000 encumbrance and the $5,000 paid to Harold Laughlin. The other $5,000 of value must come from the defendant Harold Laughlin, under the strictures of the above-quoted subsection.

■ It is true that "[t]he trustee is entitled to only a single satisfaction." Section 550(c) of the Bankruptcy Code. But the value of the transferred property should be restored to the estate, even if composite elements of that value must come from more than one transferee.

■ Under § 548(c) of the Bankruptcy Code,

"a transferee . . . that takes for value and in good faith has a lien on any interest transferred . . . to the extent that such transferee . . . gave value to the debtor in exchange for such transfer or obligation."

With respect to a subsequent transferee, this subsection is held to mean that liability is not imposed to the extent that value has been given in good faith.[8]

■ Further, it is discretionary with the court as to whether the judgment requires return of the property or its value;[9] and, under the circumstances of this case, it appears most propitious to require the turnover of the property to the bankruptcy estate, unless the Millers can soon pay the $23,000 in cash. After turnover in specie, otherwise, the realty can be sold free and clear of any liens by the trustee with the liens to attach to the proceeds, including any lien of the Millers for the $5,000 paid by them to Harold Laughlin. The trustee accordingly should separately recover the $5,000 in value from the defendant Harold Laughlin.

---

**8.** "[L]iability is not imposed on a transferee *to the extent* that a transferee is protected under a provision such as § 548(c) which grants a good faith transferee for value of a transfer that is avoided only as a fraudulent transfer, a lien on the property transferred to the extent of value given." Legislative History to § 550 of the Bankruptcy Code. (Emphasis added.)

**9.** See § 550(a) of the Bankruptcy Code.

Finally, the law is clear to the effect that the judgment should run in favor of the plaintiff trustee in bankruptcy and his recovery should be for the benefit of general creditors. See § 548(a) of the Bankruptcy Code.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the plaintiff DeNeen have and recover from the defendants Herman T. Miller and Anna Miller the above-described real property subject to the valid liens thereon, including that of the defendants Miller themselves; and, accordingly, it is hereby further

ORDERED that, within 30 days of the date of entry of this judgment, the defendants Miller, to satisfy the foregoing judgment, either pay the sum of $23,000 to the plaintiff DeNeen or else execute a quitclaim deed to the plaintiff DeNeen of the above-described real property. It is further

ADJUDGED that the plaintiff DeNeen have and recover from the defendant Harold Laughlin the sum of $5,000.