In re James R. NANCE, Carolyn Sue Nance, Debtors.

David W. KUHN, Trustee in Bankruptcy, Plaintiff,

v.

James R. NANCE, et al., Defendants.

Adv. No. 1–82–0134.
Related Case No. 1–82–00004.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 28, 1982.

Michael H. Mearan, Portsmouth, Ohio, for defendants/Fraleys.

David W. Kuhn, pro se.

Franklin T. Gerlach, Portsmouth, Ohio, for debtors.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

Defendants James R. Nance and Carolyn Sue Nance are debtors who filed a voluntary Chapter 7 petition in bankruptcy. Plaintiff herein, David W. Kuhn, Esq., was appointed trustee in the case. The trustee commenced this adversary proceeding against debtors, and also Marvin Fraley and Janet L. Fraley. At pretrial, plaintiff stated that he based his complaint on grounds that there had been a preferential transfer from defendants Nance to defendants Fraley pursuant to 11 U.S.C. § 547, and alternatively such transfer constituted a fraudulent conveyance under 11 U.S.C. § 548. Now before us is plaintiff's Motion for Summary Judgment in which Motion he seeks to recover $4,500.00 from defendants Fraley.

With his motion, plaintiff filed depositions of Marvin Fraley and also James R. Nance. In addition, he has provided a copy of the deed conveying property from defendants Nance to defendants Fraley. This deed was presented for record in Scioto County Ohio on December 15, 1981, the deed apparently having been executed on December 9, 1981. The consideration on this sale was $3,500.00. Debtors filed bankruptcy on January 4, 1982.

On January 14, 1982 defendants Fraley conveyed the property in question to a third party, Lawrence G. Fitch, for $8,000.00, trustee attaching to his motion a copy of the deed representing this transfer.

■ Defendants have offered no evidence to controvert any of the foregoing testimony presented by plaintiff, and does not assert that any of these facts are not true. A motion for summary judgment supported by deposition and documentary evidence cannot be withstood by an adversary who has filed no evidentiary material, if the moving party's evidence shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Rule 56(c) and (e), F.R.C.P.

■ Plaintiff proceeds pursuant to 11 U.S.C. § 548 in his motion for summary judgment. The Bankruptcy Code in that section provides as follows, in pertinent part:

"§ 548(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of he filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

   *     *     *     *     *     *

The term "insolvent" is defined at 11 U.S.C. § 101(26) to mean, generally stated, that the sum of one's debts is greater than the value of his property at a fair valuation. The statute requires, then, that in order that a transfer be avoided by the trustee, that it have (1) been incurred within one year before the date of the filing of the petition; (2) that the evidence show that debtor received less than a reasonably equivalent value in exchange for the transfer; and (3) that debtor had been insolvent on the date the transfer was made.

It is undisputed that the transfer from debtors to defendants Fraley was within one year before the filing. We take judicial notice of the bankruptcy petition filed by

debtors, and it is clear that as of the date of the filing of their petition, their indebtedness exceeded the value of their unencumbered assets plus any equity they had in encumbered assets. The testimony of defendant James R. Nance at his deposition corroborates the information contained in his bankruptcy petition regarding solvency. This leaves then for discussion only the question of whether debtors received less than a reasonably equivalent value in exchange for the transfer.

The bald facts are that defendants Fraley paid debtors $3,500.00 for the property, that price being set, not because of the value of the property, but because that was the amount that Nance needed to pay some tax obligations. The sale to the Fraleys occurred December 9, 1981. A month later, on January 14, 1982, the Fraleys sold the property to a third party, Lawrence G. Fitch, for $8,000.00. There was clearly a fraudulent transfer, as that term is defined at 11 U.S.C. § 548(a)(2). We note that while this section of the statute carries within its title the words "fraudulent transfers", a subjective intent to commit fraud is not required. All that is required is that a transferee secure a benefit which justly should be distributed among creditors of the debtor. 4 Collier on Bankruptcy (15th ed.) 548–42, 548–43. All of the requirements of § 548(a)(2) thus are met and the trustee may avoid the transfer.

The transfer to the Fraleys being avoidable, the trustee may recover from the Fraleys the amount of $4,500.00, the difference between the price for which they sold the property, $8,000.00, and the $3,500.00 which they paid for the property. 11 U.S.C. § 550. This relief is indicated since the trustee may not under 11 U.S.C. § 550(b)(2) recover the property itself from Fitch, to whom the Fraleys transfer it. The Court is empowered under § 550(a) to order that the trustee recover the value of the property in lieu of the property itself. *See* also *Matter of Laughlin* 18 B.R. 778 (Bkrtcy., W.D.Mo., 1982).

The only opposition of defendants Fraley to the Motion is that summary judgment should not be granted because there is an issue of fact. The issue of fact, say the Fraleys, is created by the testimony of Mr. Fraley at his deposition that the property was not worth more than $3,500.00. We have carefully reviewed the Fraley deposition and have failed to find such an opinion. The most that can be found in the deposition is that Fraley said that he would not have paid more than $3,500.00 for the property. This is not sufficient to create an issue of fact in the face of the above evidence upon which we base this decision.

Accordingly, we find that there is no genuine issue of material fact, and that plaintiff is entitled to judgment as a matter of law.

The foregoing constitutes our findings of fact and conclusions of law.