**In re BEESLEY, Marvin G., Debtor.**

**L.D. FITZGERALD, Trustee, Plaintiff,**

v.

**Marvin G. BEESLEY, a married man; Intermountain Marine Sales, Inc., an Idaho corporation; and Jim Herzog, individually, Defendants.**

**Adv. No. 90–6120.**
**Bankruptcy No. 89–00892–7.**

United States Bankruptcy Court,
D. Idaho.

Feb. 7, 1992.

---

**20.** Cal.Code Civ.Proc. § 704.210 (emphasis supplied).

**248**

Daniel C. Green, Racine, Olson, Nye, Cooper & Budge, Pocatello, Idaho, for plaintiff.

M. Brent Morgan, Pocatello, Idaho, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALFRED C. HAGAN, Chief Judge.

The trustee filed this action, under the provisions of 11 U.S.C. § 549(a), to avoid the post petition sale of a boat by the debtor to the defendant Jim Herzog. Mr. Herzog then transferred title to the boat to his business, Intermountain Marine Sales, Inc. The sale was not authorized by the court.

The debtor asserts the sale was in the ordinary course of business and therefore not an avoidable transfer under 11 U.S.C. § 549. In the alternative, the debtor contends he funded his unconfirmed chapter 13 plan with the proceeds of the sale and since the trustee received the funds from the sale of the boat he should not be allowed to avoid the sale.

**1.** 11 U.S.C. § 109(e).

**2.** 26 B.R. 148, 149 (Bankr.S.D.Ohio 1982).

11 U.S.C. § 549(a) provides in pertinent part: "... the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and ... (B) that is not authorized under this title or by the court.".

The debtor sold his boat to his friend and creditor, Mr. Herzog, on June 19, 1989 for $3,200.00, approximately two months after he had filed his chapter 13 petition. The chapter 13 petition was converted to a chapter 7 case on October 24, 1989.

■ The debtor's business is the sale and leasing of mobile homes. The sale of his boat, property kept for personal use as opposed to business inventory, was not in the ordinary course of his business.

■ The use of the proceeds from the sale of the boat to fund the debtor's unconfirmed chapter 13 plan does not relieve the debtor of the consequences arising from the unauthorized sale of the boat. A chapter 13 debtor is required to be "... an individual with regular income ..."[1] with which to fund a plan. The use of the proceeds of an unauthorized sale to fund an unconfirmed chapter 13 plan does not vitiate the avoidability of the transaction. It is not a transaction authorized by the code.

The sale is voidable, since the sale was a post petition transfer, not authorized by the court or the provisions of Title 11 of the United States Code, and the trustee is entitled to recover the value of the property transferred.

■ The trustee contends he is entitled to recover the fair market value of the boat, which he alleges to be $6,294.25, since that was the sale price of the boat sold by Mr. Herzog to a third party, rather than the $3,200.00 Mr. Herzog paid the debtor for the boat.

*In re Vann,*[2] held the term "value" in Section 550(a) means fair market value.

*In re Nance,*[3] involved a case similar to this, only the debtors transferred property

**3.** 26 B.R. 105, 107 (Bankr.S.D.Ohio 1982).

for less than its full value within one year of the filing of their petition. The party to whom the property was transferred later sold the property to a transferee without knowledge of the voidability of the transfer, for full value, as in this case. The court held the trustee could recover the difference between what the initial transferee paid for the property and what he sold it for, essentially his profit. Such a result seems fair and equitable in this case, since the debtor obtained the benefits of the $3,200.00 paid him by Mr. Herzog, and Mr. Herzog realized a profit and should be required to return that profit to the trustee.

Mr. Herzog is thus found to be a good faith transferee. Any improvements, under § 550(d)(1), Mr. Herzog may have made to the boat have not been itemized.

Therefore, the trustee may recover $3,094.25 from Mr. Herzog and Intermountain Marine Sales, Inc., as a joint and severable judgment. The remaining $3,200.00 the trustee may recover from the debtor under the provisions of 11 U.S.C. § 550(d)(1).

Counsel for the trustee may prepare a form of judgment for signature in accordance with these findings of fact and conclusions of law.