18-2098-bk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2018

Submitted: May 30, 2019     Decided: July 25, 2019

Docket No. 18-2098-bk

IN RE: ALICE PHILLIPS BELMONTE,

*Debtor.*

HAROLD D. JONES,

*Plaintiff-Appellee,*

— v. —

THE BRAND LAW FIRM, P.A.

*Defendant-Appellant.*

B e f o r e :

CALABRESI, LYNCH, and LOHIER, *Circuit Judges.*

Defendant-Appellant the Brand Law Firm ("Brand") appeals from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*) affirming a decision of the Bankruptcy Court for the Eastern District of New York (Trust, *J.*) ordering it to remit $59,432 to the trustee of Alice Belmonte's bankruptcy estate. The amount that Brand was ordered to remit was part of the proceeds of an unauthorized post-petition transfer by the debtor of the estate's property. Brand argues that the order violates 11 U.S.C. § 550(d), prohibiting a trustee from recovering illegally transferred property more than once. We disagree, and AFFIRM the judgment.

_____

Robert N. Michaelson, Rich Michaelson Magaliff, LLP, New York, NY *for Plaintiff-Appellee.*

Craig A. Brand, The Brand Law Firm, P.A., Orlando, FL *for Defendant-Appellant*.

_____

GERARD E. LYNCH, *Circuit Judge*:

While an involuntary bankruptcy petition was pending against her, Alice Belmonte (the "Debtor"), executed a second mortgage on property of her bankruptcy estate in exchange for a $250,000 loan. She then transferred the loan proceeds to the Brand Law Firm ("Brand") as payment for representing her in a criminal proceeding. Harold D. Jones, the trustee of the Debtor's estate (the "Trustee"), sought to have the mortgage and the transfer of the $250,000 loan avoided as illegal post-petition transfers of the estate's property. He also sought

2

to recover for the estate the $250,000 that had been illegally transferred to Brand. Brand opposed, arguing that the Trustee's recovery of any part of the $250,000 from Brand violated 11 U.S.C. § 550(d), which limits a trustee to a single recovery of the illegally transferred property. The Bankruptcy Court for the Eastern District of New York (Alan S. Trust, *J.*) avoided the two post-petition transfers and also ordered Brand to remit $59,432 of the proceeds of the loan to the Trustee. The United States District Court for the Eastern District of New York (Joan M. Azrack, *J.*) affirmed the bankruptcy court's order. Both the bankruptcy court and the district court rejected Brand's argument that the Trustee's recovery of the $59,432 from Brand constituted a double recovery for the estate. For the reasons that follow, we AFFIRM the judgment of the district court.

### BACKGROUND

On October 5, 2012 (the "Petition Date"), an involuntary petition for bankruptcy was filed against the Debtor pursuant to Section 303(b) of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York. The Debtor hired Craig Brand, a criminal defense and commercial litigator, and the proprietor and sole employee of Brand, to represent her in the bankruptcy proceedings.

3

On December 13, 2012, the bankruptcy court entered an order enjoining the Debtor from transferring any property pending resolution of the involuntary petition. At such time, the Debtor and her husband, William Belmonte ("Belmonte"), owned the home and property located at 5 Crescent Court, Wading River, Suffolk County, New York (the "Crescent Court Property"), as tenants by the entirety. The Crescent Court Property was subject to a first mortgage dated October 4, 2011, issued by the Debtor and Belmonte in favor of People's United Bank in the original principal sum of $460,000. As of the Petition Date the Debtor estimated the value of the Crescent Court Property at $721,000. Under state law, the Debtor, as a tenant by the entirety with her husband, possessed an undivided 50% interest in the home's equity, meaning that half of the roughly $260,000 equity cushion in the Crescent Court Property belonged to the Debtor.

On April 8, 2013, the bankruptcy court held a trial on the involuntary petition against the Debtor. Then, on April 26, 2013, the court adjudicated the Debtor bankrupt and entered an order for relief against her, placing her into Chapter 7 bankruptcy. At that time the Debtor's interest in the Crescent Court Property, which consisted of half of the equity in the Crescent Court Property

that was unencumbered by the first mortgage (roughly $130,000), became property of her bankruptcy estate (the "Estate"). By force of 11 U.S.C. § 362, an automatic stay was imposed prohibiting the transfer of property belonging to the Estate.

On October 17, 2013, the Debtor was arrested pursuant to a 49-count indictment filed in the Supreme Court of the State of New York, New York County, which alleged, *inter alia*, that the Debtor had engaged in a scheme to defraud, and had committed grand larceny against, certain creditors of the Estate. The Debtor hired Brand and two other attorneys, Brian D. Waller and Thomas A. Sadaka, to represent her in the criminal proceedings.

In order to fund her defense in the criminal case, Patrick Thompson, a personal friend of the Debtor, agreed to lend $250,000 (the "Thompson Loan") to the Debtor and her husband, secured by a lien on the Crescent Court Property (the "Second Mortgage"). In January 2014, Craig Brand drew up the paperwork for the transaction by which Belmonte and the Debtor executed a promissory note in favor of Thompson, and by which Belmonte, on his own behalf and via power of attorney for the Debtor, executed the Second Mortgage in favor of

5

Thompson. At the time that the Second Mortgage was executed both Thompson and Belmonte knew of the bankruptcy case pending against the Debtor.

To effectuate the funding of the Debtor's criminal defense, Thompson wired the $250,000 loan from one of his wholly owned subsidiaries to Brand in two separate installments. Per an agreement between Brand and the Debtor's other two criminal defense attorneys Brand transferred $73,147 to Sadaka and $54,490 to Waller as payment for their legal services. Brand retained $118,864 of the Thompson Loan.

On November 21, 2014, the Trustee filed an adversary proceeding in the bankruptcy court against the Debtor, Belmonte, and Thompson, seeking to avoid the Second Mortgage. The Trustee alleged that the mortgage was a transfer of the Estate's property that violated the automatic stay on any transfers of the Estate's property. He thus sought to have the transaction avoided pursuant to 11 U.S.C. § 549, which allows a trustee to avoid a transfer of property of an estate that occurs after the commencement of the bankruptcy case and is not otherwise authorized by the Bankruptcy Code or by the court. On February 27, 2015, the bankruptcy court approved a settlement between the Trustee and Thompson, in which the adversary proceeding against Thompson was dismissed, the Second

6

Mortgage was avoided pursuant to § 549, and the lien created by the Second Mortgage was preserved for the benefit of the Debtor's Estate pursuant to § 551.

In April 2015, the Trustee filed an adversary proceeding against Belmonte seeking to force the sale of the Crescent Court Property pursuant to 11 U.S.C. § 363(h), which allows a trustee to sell property in which the estate has an interest, despite the interest of a non-debtor co-owner, if various criteria are satisfied. A trial in that proceeding was held on March 29, 2016, and the bankruptcy court subsequently entered an oral order denying the forced sale. The bankruptcy court recognized that the Estate held a lien on the Crescent Court Property by virtue of the avoided Second Mortgage, and that a sale would allow the Trustee to realize the value of the Estate's interest in the property for the benefit of the creditors. However, mindful that the Crescent Court Property was owned as a tenancy by the entirety,[1] the bankruptcy court refused to approve the sale of the Crescent Court Property on the ground that noneconomic factors—Belmonte's and his daughter's interest in remaining in their home—outweighed the economic benefit to the Estate.

---

[1] Sometime after the trial, the Debtor and Belmonte divorced, which would have converted their interests in the Crescent Court Property from a tenancy by the entirety to a joint tenancy.

Almost simultaneously with his filing the proceeding against Belmonte to compel the sale of the Crescent Court Property, the Trustee also filed a complaint in the bankruptcy court against Brand, seeking to have the Thompson Loan avoided. The Trustee alleged that the money the Debtor obtained from the Thompson Loan was property of the Estate, because the loan was secured by the Crescent Court Property and 11 U.S.C. § 541(a)(6) makes the "[p]roceeds, product, offspring, rents, or profits of or from property of the estate" also property of the estate. Because the transfer took place when the Debtor was not authorized to transfer Estate property, the Trustee concluded, the transfer of the Thompson Loan to Brand was avoidable pursuant to § 549. The Trustee therefore sought to recover the value of the Thompson Loan proceeds from Brand pursuant to 11 U.S.C. § 550(a), which allows a trustee to recover from the transferee "the property transferred, or . . . the value of such property" to the extent that a transfer is avoided under § 549, "for the benefit of the estate."

In the answer to the complaint, Brand alleged that the Trustee's claim was barred by the election of remedies doctrine and the prohibition on double recovery, as a result of the Trustee's settlement with Thompson avoiding the Second Mortgage and preserving the lien created by the Second Mortgage for the

8

benefit of the Estate. In a June 28, 2016, interlocutory order, the bankruptcy court rejected Brand's contention that, because the Trustee had successfully avoided the Second Mortgage, he was prohibited from recovering any of the loan proceeds as a double recovery. *See Jones v. Brand (In re Belmonte)*, 551 B.R. 723, 732 (Bankr. E.D.N.Y. 2016). The bankruptcy court reasoned that, "until finally paid, litigants may look to multiple parties to recover the same loss" and that here the Trustee had not recovered any of the $250,000 allegedly borrowed by the Debtor and transferred to the defendants. *Id*.

The bankruptcy court held a bench trial in the Thompson Loan avoidance and recovery case against Brand on November 2 and 3, 2016. On March 16, 2017, the bankruptcy court ruled that the Thompson Loan transfer to Brand was avoidable under § 549 as an unauthorized transfer of the Estate's property. The only contested issue with respect to whether the Thompson Loan was avoidable was whether the Thompson Loan itself was property of the Estate. The court found that it was, reasoning as follows:

> The Debtor's interest in her home was, without
> question, property of the bankruptcy estate once the
> order for relief was entered, which happened . . . eight
> months before the . . . $250,000 loan was made. While
> the $250,000 was nominally transferred to [Brand] by an

entity allegedly owned or controlled by Patrick Thompson, the true transaction based upon the record was a loan being made by Mr. Thompson or his entity to the Debtor and her non-filing spouse. That loan transaction was clearly evidenced by a note and mortgage drafted by Mr. Brand which created a lien against the Debtor's interest in her home and therefore a lien against this estate's interest in the Debtor's home. Under Section 541(a)(6), property of the estate clearly includes proceeds, products, offering, rents, or profits from property of the estate.

J. App'x at 598. The bankruptcy court concluded that because the Debtor transferred the Thompson Loan to Brand eight months after the entry of the order for relief in her Chapter 7 case, when she had no legal right to exercise control over property of the Estate, the transfer was avoidable pursuant to § 549.

The court then considered whether the Trustee, having successfully avoided the Thompson Loan pursuant to § 549, could also recover "the property transferred" or "the value of such property" pursuant to § 550(a). The court concluded that it could, and that the Trustee was entitled to a judgment for one-half of the Thompson Loan.[2]

---

[2] The court reasoned that, because the Thompson Loan was secured by a mortgage on the Crescent Court Property, in which the Estate held a 50% interest, half of the loan proceeds, or $125,000, was recoverable by the Trustee.

Although the bankruptcy court concluded that $125,000 of the Thompson Loan was recoverable by the Trustee, it held that only $59,432 was recoverable from Brand. That sum represented half of the $118,864 from the Thompson Loan that Brand retained after it paid the Debtor's other criminal defense attorneys.[3]

In its post-trial ruling, the bankruptcy court also addressed an objection filed by Thompson to the Estate's ability to recover any amount of the Thompson Loan received by Brand on the ground that such recovery would amount to a double recovery for the Estate, since the Second Mortgage had already been avoided. The court rejected this argument, explaining:

> The fact that the Court voided the second lien granted in favor of Mr. Thompson's entity does not by any circumstances create the prospect for a double recovery by the estate. The estate simply succeeded to any lien rights claimed by Mr. Thompson's entity against the Debtor's home. But recovering the fruits of that unauthorized transfer does not result in a double recovery.

J. App'x at 587.

---

[3] The bankruptcy court entered judgment solely against Brand because the record indicated that each of the payments were made to Brand and not to Craig Brand individually.

Brand appealed to the district court, reiterating the argument made in Thompson's objection. It argued that when the Trustee settled with Thompson, and the Second Mortgage was avoided and the lien created by it was preserved for the Estate, the Trustee was restored to the position he had been in before the unauthorized transfers took place. The Trustee's recovery of an additional amount violated § 550(d)'s proscription that "[t]he trustee is entitled to only a single satisfaction under subsection (a) of this section" because the Trustee had already recovered the equity encumbered by the Second Mortgage. Thus, Brand argued that by recovering *both* the lien created by the Second Mortgage *and* any portion of the Thompson Loan, the Estate had obtained a double recovery.

The district court issued an opinion and order on June 7, 2018, rejecting Brand's double recovery theory and affirming the bankruptcy court's judgment. The court concluded that Brand conflated two separate, if factually related, transactions: (i) the transfer of the Second Mortgage to Thompson; and (ii) the transfer of the $250,000 Thompson Loan to Brand. The district court explained that the avoidance of the Second Mortgage simply allowed the Debtor's Estate to assume the lien rights to the Crescent Court Property that had been improperly transferred to Thompson. That did not bar the Trustee from seeking to recover

12

the loan proceeds the Debtor received from Thompson and then transferred to Brand.

The district court entered judgment on June 15, 2018, affirming the bankruptcy court's rulings. Brand now appeals from that judgment.

## DISCUSSION

### A. Standard of Review

A district court's rulings when sitting as an appellate court in a bankruptcy case are subject to plenary review. *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65 (2d Cir. 2007). "The factual determinations and legal conclusions of the [b]ankruptcy [c]ourt are, therefore, reviewed independently by this Court." *Id*. We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Id*.

The bankruptcy court has broad discretion in applying § 549's post-petition transfer avoidance provision as well as in ordering the return of transferred property or its value pursuant to § 550. *See, e.g., Sapir v. C.P.Q. Colorchrome Corp. (In re Photo Promotion Assocs., Inc.)*, 881 F.2d 6, 8 (2d Cir. 1989) (noting bankruptcy court's broad discretion in applying § 549(a)); *see also Bankr. Receivables Mgmt. v. Lopez (In re Lopez)*, 345 F.3d 701, 705 (9th Cir. 2003) ("The

13

bankruptcy court's choice of remedies is reviewed for an abuse of discretion.");

*Feltman v. Warmus (In re Am. Way Serv. Corp.)*, 229 B.R. 496, 531 (Bankr. S.D. Fla. 1999) ("[T]he Code permits the court, in its discretion, to award *both* a money judgment *and* recovery of the property in kind, provided that the Trustees are limited to a single satisfaction."); *Hirsch v. Gersten (In re Centennial Textiles, Inc.)*, 220 B.R. 165, 176–77 (Bankr. S.D.N.Y. 1998) ("[S]ince the Bankruptcy Code does not provide guidance on when the Court should order payment of the value of property rather than order the return of the property itself, it is within the Court's discretion to make such a determination.").

> **B.** **The Trustee's Recovery of a Portion of the Thompson Loan from Brand Does Not Constitute a Double Recovery in Violation of § 550(d)**.

Because the Thompson Loan transfer was avoided pursuant to § 549, the Trustee was permitted to seek recovery of either the transferred property or its value pursuant to 11 U.S.C. § 550, which states, in relevant part:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from --

14

>(1) the initial transferee of such transfer or the
>entity for whose benefit such transfer was made;
>or
>(2) any immediate or mediate transferee of such
>initial transferee.

The plain language of § 550(a) thus grants the Trustee the right to seek recovery of the Thompson Loan from Brand.

On appeal, Brand revives its argument that the Trustee's recovery of the Thompson Loan under § 550(a) constitutes a double recovery for the Estate in violation of § 550(d), which states that "[t]he trustee is entitled to only a single satisfaction under subsection (a) of this section." Brand argues that, through the Trustee's settlement with Thompson, which avoided the Second Mortgage and preserved the lien created by it for the benefit of the Estate, the Trustee had already recovered the Debtor's equity interest in the Crescent Court Property for the Estate. It contends that the settlement with Thompson restored the Estate to its pre-transfer position and that the Estate suffered no monetary damage as a result of the Second Mortgage. Thus, Brand argues that the bankruptcy court and the district court erred in concluding that the Thompson Loan was an additional recoverable asset of the Debtor's Estate.

We disagree, and conclude that the Trustee's recovery of a portion of the Thompson Loan from Brand does not violate the single satisfaction rule of § 550(d). At the outset, we note that the bankruptcy court held that the Thompson Loan, which was secured by the Crescent Court Property, was a "proceed[]" of the Estate pursuant to § 541(a)(6). Brand argued before the district court that the Thompson Loan is not a proceed, and the district court disagreed. On appeal, Brand does not argue and, thus, has abandoned any claim that the district court erred in arriving at this conclusion. We therefore assume without deciding that the Thompson Loan is a proceed of the Estate for the purpose of resolving this appeal. *See, e.g., Biedeger v. Quinnipiac Univ.*, 691 F.3d 85, 98–99 & n.6 (2d Cir. 2012); *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004). Brand's argument hinges entirely on its reading of the double recovery provision of § 550(d). But Brand misapplies that provision to the facts of this case.

Section 550(d) most commonly applies in cases where § 550(a) enables a trustee to recover the value of transferred property from more than one transferee, "possibly allowing the trustee to recover more than the value of the avoided transfer." *See Dobin v. Presidential Fin. Corp. of Del. Valley (In re Cybridge*

*Corp.)*, 312 B.R. 262, 268 (D.N.J. 2004). For example, had the Trustee here recovered $125,000 from Brand, and then subsequently sought to recover approximately $125,000 in proceeds of the Thompson Loan that was transferred by Brand to Sadaka and Waller, resulting in the collection of $125,000 two times over, § 550(d) would clearly be violated.

Brand's § 550(d) argument is different, however. Brand contends that, when the Trustee successfully avoided the Second Mortgage, the Estate was restored to the position it was in before the avoided transfers, and that, as a result, recovering *any* amount of the Thompson Loan proceeds from it constitutes a double recovery for the Estate. But Brand misapprehends the nature of bankruptcy law, the language of § 550(d), and the economic realities of this case.

At the time the Trustee sought to recover the Thompson Loan from Brand, the Trustee had not realized any part, let alone all, of the value of the Debtor's equity interest in the Crescent Court Property. The Trustee's settlement with Thompson gave the Trustee the rights of a lien creditor with respect to the Crescent Court Property. But in itself, a mortgage carries only a right to foreclose on a debtor's property in the event of default. *See DeGiacomo v. Traverse (In re Traverse)*, 753 F.3d 19, 29 (1st Cir. 2014) ("Just because the preserved mortgage

17

entitles the estate to benefit from the sale of [the debtor's] property . . . does not mean that the trustee is by that fact empowered to sell the property so as to immediately realize that benefit."). Here, moreover, the bankruptcy court prohibited the Trustee from forcing a sale of the Crescent Court Property.

Because the Trustee was unable to liquidate the Estate's equity in the Crescent Court Property, preservation of the lien did not create any realized value for the Estate's creditors. The Trustee's settlement with Thompson did not provide for any payment to the Estate, let alone payment of the roughly $130,000 equity value of the Debtor's interest in the Crescent Court Property. Thus, while the lien on the Crescent Court Property was preserved for the benefit of the Estate, the Trustee's only route to realize any recovery for the Estate from the unlawful transfer of Estate property by the Debtor was by seeking the proceeds of the Thompson Loan.

Section 550(a) authorizes the Trustee to pursue recovery from all available sources until the full amount of unlawfully transferred Estate property is fully realized for the Estate's creditors. *See Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008) ("[T]he trustee can recover from any combination of the entities mentioned [in § 550] subject to the limitation of a single satisfaction.") (quoting 5

18

COLLIER ON BANKRUPTCY ¶ 550.02[4] at 550–16 (Alan N. Resnick et al. eds., 15th ed. 2007)); *Aalfs v. Wirum (In re Straightline Invs., Inc.)*, 525 F.3d 870, 883 n.3 (9th Cir. 2008) ("Although the statute contains the conjunction 'or,' at least one court has held that the remedies of the value of the property or the property itself are not mutually exclusive, and the bankruptcy court may award a judgment that involves both types of recovery, as long as it does not result in double recovery for the estate.") (citing *Feltman*, 229 B.R. at 531)*; Burtrum v. Laughlin (In re Laughlin)*, 18 B.R. 778, 781 (Bankr. W.D. Mo. 1982) ("[T]he value of the transferred property should be restored to the estate, even if composite elements of that value must come from more than one transferee."). By recovering a portion of the Thompson Loan proceeds from Brand, the Trustee merely expedited the ultimate satisfaction of the claim for the benefit of the creditors.

Brand cites *McCord v. Agard (In re Bean)*, 252 F.3d 113 (2d Cir. 2001), in which we held that the trustee had obtained a double recovery when the bankruptcy court ordered both a turnover of title to real property and a money judgment equal to the fair market value of that property. But even a cursory review of the facts of that case reveals why it is easily distinguishable. In *Bean*, the debtor sold the title to real property of the estate to the defendants for

19

$165,000. *Id*. at 115. The debtor then used the proceeds of the sale to pay off two mortgages on the property totaling $87,761.65, a broker's commission of $9,990, and city and state transfer taxes of $2,310. *Id*. He then remitted the remaining $59,949.35 proceeds of the sale to the trustee. *Id*. The trustee brought an action in the bankruptcy court claiming that the sale of the property was an unauthorized post-petition transfer under § 549(a). *Id*. The bankruptcy court granted summary judgment in favor of the trustee against the defendants ordering both that the purchasers turn over title of the property to the estate, and that the defendants pay a money judgment in the amount of the property's fair market value. *Id*. The trustee admitted that since he had recovered the $60,000 net proceeds of the sale and the title to the real property, the further award of the $165,000 fair market value of the property was a windfall to the estate. *Id*. at 116.

On appeal, we explained that the precise question was "whether § 550(a)(1) of the Code requires a bankruptcy court to permit a trustee to recover from the transferee and for the benefit of the estate, the fair market value of property that was the subject of an avoidable transfer, even after that trustee has already recovered the equity value of the property from the transferor." *Id*.

20

The issue before us is different from that in *Bean* precisely because the

Trustee here has *not* recovered the equity value of the Second Mortgage. Unlike

the debtor in *Bean*, the Debtor and Belmonte realized $250,000 in net proceeds by

granting a mortgage to Thompson, remitted none of that money to the Estate,

and instead transferred the entire proceeds directly to Brand. The Estate realized

none of the equity value of the Second Mortgage for the benefit of the creditors

and, notably, did not obtain title to real property.[4]

In *Seaver v. Mortg. Elec. Registration Sys., Inc. (In re Schwartz)*, 383 B.R. 119,

126 (8th Cir. B.A.P. 2008), a Bankruptcy Appellate Panel of the Eighth Circuit

explained that "[i]n certain instances avoidance of a transfer is sufficient to undo

the preferential transfer and make the estate whole . . . [such as where] the

---

[4] That fact also distinguishes this case from the out-of-circuit cases that Brand cites in which avoidance and preservation of a lien were deemed enough to make the estate whole. *See Rodriguez v. Drive Fin. Servs., L.P. (In Re Trout)*, 609 F.3d 1106, 1109 (10th Cir. 2010) (concluding that where a trustee successfully avoided a preferential vehicle lien under 11 U.S.C. § 547, the trustee was not entitled to a money judgment equal to the value of the avoided liens under § 550(a) on facts before it, even though "there may be circumstances involving nonpossessory liens in which the Trustee is also entitled to permissive recovery under § 550(a)"); *Schnittjer v. Linn Area Credit Union (In re Sickels)*, 392 B.R. 423, 426 (N.D. Iowa 2008) (concluding that "ordering [the transferee] to pay the trustee the value of its secured claim would allow the trustee to collect twice on the secured claim—once from [the transferee] and again by *realizing* on the preserved mortgage) (emphasis added) (alterations omitted).

avoidance results in the value of the avoided lien becoming available for liquidation and distribution to creditors." However, where (as here) avoidance does *not* result in the avoided lien becoming available for liquidation and distribution to creditors, § 550(d)'s single satisfaction rule is no obstacle to recovery by the Estate from other sources.

The Trustee here freely and correctly concedes that he is entitled to recover the value of the Crescent Court Property only once, whether as a result of his rights as the holder of the Second Mortgage, or from the recovery of the Thompson Loan proceeds. Appellee's Br. at 8–9. If the Trustee is eventually able to liquidate the Debtor's equity interest in the Crescent Court Property, his recovery will be the amount of the Debtor's equity interest less the $59,432 he has already recovered from Brand. But the Trustee's present recovery of a portion of the Thompson Loan from Brand is not barred by § 550(d).

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.